FIRST DIVISION 

AUGUST 3, 1998

No. 1-96-4115

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v. 

ANTHONY R. BARKER,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

94 CR 20165

Honorable

Ralph Reyna,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant Anthony Barker was found guilty of aggravated reckless homicide and reckless homicide after an automobile accident in which a young woman, Ruth Erwin, was killed.  Defendant, who had been driving under the influence of alcohol and cocaine, ran a stop light at a high rate of speed and crashed into Ms. Erwin's vehicle.  Following a jury trial, defendant was convicted and sentenced to 13 years in prison.

On appeal, defendant asserts the following: (1) the State's repeated references to the victim's family and the victim's good character resulted in plain error; (2) the trial court erred in admitting the incriminating hospital statement of witness and passenger John Vargas as substantive evidence; (3) defendant was denied effective assistance of counsel due to numerous alleged errors on the part of defense counsel; and (4) defendant's sentence was excessive and should be reduced.

Upon review, we affirm defendant's conviction and sentence. 

I.  FACTS

On July 23, 1994, at approximately 3:30 a.m., defendant ran a red light at a high rate of speed, striking the vehicle of Ruth Erwin as she proceeded southbound through an intersection.  Ms. Erwin was killed instantly.  There were four eyewitnesses to the accident, all of whom identified defendant as the driver of the car at the time of the accident.  Mitchell Prestler testified defendant was driving at the time of the accident, and he observed the vehicle enter the intersection on a red light.  He estimated the vehicle's speed to be at least 70 miles per hour.  He also observed an Hispanic male, later identified as John Vargas, in the passenger side of the car at the time of the accident.  Mr. Prestler's brother, Michael, also testified that he observed defendant in the driver's seat and Vargas in the passenger seat.  Another witness, Ahmed Hill, also testified as to the high rate of speed and identified defendant as the driver of the vehicle and Vargas as the passenger.  Finally, witness Henry Hill testified defendant was the driver and Vargas the passenger at the time of the crash.  

Following the accident, defendant and Vargas were transported to Northwestern Hospital.  At the hospital, Vargas gave a statement to Assistant State's Attorney Joe Roddy in which he described the facts leading up to the crash.  In his statement, Vargas stated that he and defendant had been driving around in defendant's car since 2 p.m. that afternoon.  He stated they stopped at a liquor store and purchased a six-pack of beer and, later in the evening, stopped at a bar, Cafe Fresco, where defendant got out of the vehicle and proceeded into the bar.  After defendant exited the bar carrying a glass containing a dark liquid, the two continued to drive around and returned again to the liquor store to purchase another six-pack of beer.  Vargas stated that at that time, the two began to snort cocaine.  In the early morning hours, defendant was involved in a police chase in which he ran several red lights and was driving at a very high rate of speed.  In his statement, Vargas estimated defendant Barker was traveling at over 85 miles an hour at the time his vehicle struck the victim's vehicle.

The defense presented at trial was that Vargas, not defendant, was the driver of the vehicle at the time of the crash.  At trial, Vargas admitted giving the statement to Assistant State's Attorney Roddy but denied making the statements incriminating defendant as the driver of the vehicle.  Vargas testified he did not remember who was driving at the time of the accident.  At trial, defendant testified he passed out from the cocaine and that Vargas was driving at the time of the accident.

Defendant appeals his conviction of aggravated reckless homicide and reckless homicide and his sentence of 13 years in prison.

II.  ANALYSIS

A.  Prosecutor's Remarks

Defendant first contends the State improperly appealed to the sympathy of the jury with various references to the family of the deceased, the good character of the deceased, and the defendant's criminal associate, John Vargas.  By failing both to object at trial and raise this argument in a posttrial motion, defendant has waived any alleged error with regard to this issue.  
People v. Enoch
, 122 Ill. 2d 176, 185, 522 N.E.2d 1124 (1988).  Defendant, however, argues the remarks constitute plain error.  Under the plain error doctrine, issues not properly preserved may be considered on review.  Plain error may be shown when the evidence in the case is closely balanced or when the alleged error is so fundamental that it denied the defendant's right to a fair trial.  
People v. Burgess
, 176 Ill. 2d 289, 680 N.E.2d 357 (1997).  

An examination of the record supports defendant's contention that the prosecution's remarks and the direct examination of the victim's father regarding the deceased's background and character, as well as the remarks about the character of defendant's associate, were improper.  Illinois law is clear that such attempts to appeal to the emotions of the jurors are not permissible.  See 
People v. Hope
, 116 Ill. 2d 265, 508 N.E.2d 202 (1986); 
People v. Henderson
, 142 Ill. 2d 258, 323, 568 N.E.2d 1234 (1990).  However, in the present case, these comments did not deny defendant a fair trial in light of the overwhelming evidence of his guilt. 

The prosecution presented clear and basically uncontroverted evidence supporting a guilty verdict.  Significantly, four witnesses at the scene identified defendant as the driver of the automobile. Additionally, a Chicago police officer testified that, after the crash, defendant stated "it was me," and a doctor who treated defendant at the hospital testified that defendant stated he was driving the vehicle at the time of the crash.  Defendant tested positive for both alcohol and cocaine following the crash.  Several witnesses also testified as to the high rate of speed at which the vehicle was traveling immediately before the crash, as well as the fact the car ran the red light at the intersection where the crash occurred.  

In a written statement, the passenger in defendant's car, Vargas, identified defendant as the driver of the car, noted defendant had run a red light at a high rate of speed immediately before the crash, and stated he and defendant had been drinking alcohol and ingesting cocaine that night.  In light of the overwhelming evidence in the case, we fail to see how the conduct of the prosecution, though improper, denied defendant a fair trial.   

Alternatively, the prosecutorial errors are not so fundamental as to have denied defendant's right to a fair trial.  Every defendant is entitled to a fair trial free from prejudicial comments by the prosecution.  
People v. Grano
, 286 Ill. App. 3d 278, 676 N.E.2d 248 (1996).  However, improper remarks by a prosecutor generally do not constitute reversible error unless they result in substantial prejudice to the accused and were material to his conviction.  
People v. Sims
, 285 Ill. App. 3d 598, 606, 673 N.E.2d 1119 (1996).  
Illinois courts have specifically addressed references to a victim's family and found that, although improper, such remarks do not necessarily constitute reversible error.  

In 
People v. Bartall
, 98 Ill. 2d 294, 322, 456 N.E.2d 59 (1983), quoting 
People v. Wilson
, 51 Ill. 2d 302, 307 (1972), the court stated that every mention of a deceased's family does not necessarily entitle the defendant to a new trial "'since, in certain circumstances, dependent upon the factual circumstances, such evidence and argument can be harmless, particularly when the death penalty is not imposed.'"  As in 
Bartall
, the misconduct in the present case, 
though improper, was harmless error.  See also 
People v. Shelton
, 293 Ill. App. 3d 747, 755, 688 N.E.2d 831 (1997)(comments about the victim's family can constitute harmless error where the defendant is not substantially prejudiced); 
People v. Flax
, 255 Ill. App. 3d 103, 627 N.E.2d 359 (1993)(statements arousing sympathy for the victim or the victim's family, while generally improper, can constitute harmless error where defendant is not substantially prejudiced).

Similarly, in 
People v. Carreon
, 225 Ill. App. 3d 133, 587 N.E.2d 532 (1992), the prosecutor made improper references to the murder victim's family during closing argument.  The court stated that such comments are improper and unprofessional, but may be harmless error where the evidence of defendant's guilt is overwhelming and the jury was instructed not to consider closing arguments as evidence.  
Carreon
, 225 Ill. App. 3d at 147.  In the present case, the jury was also specifically instructed not to consider opening statements and closing arguments as evidence.  
People v. Howard
, 147 Ill. 2d 103, 148, 588 N.E.2d 1044 (1991).

The case of 
People v. Mapp
, 283 Ill. App. 3d 979, 670 N.E.2d 852 (1996), offers guidance as to how to deal with serious prosecutorial misconduct in a case where the evidence against the defendant is overwhelming.  In 
Mapp
, the State made improper comments at trial appealing to the sympathy of the jury and made reference to the defendant's guilt by association with a known criminal.  The court condemned the prosecutor's remarks but noted the remarks did not play a role in the jury's return of a guilty verdict. 
Mapp
, 283 Ill. App. 3d at 991. The court held that, despite serious prosecutorial misconduct in the case, the overwhelming evidence pointed to the defendant's guilt.  
Mapp
, 283 Ill. App. 3d at 991. 

After careful review of the record, we conclude that the properly admitted evidence in this case was so overwhelming that no fair-minded juror could reasonably have voted to acquit the defendant.  See 
People v. Carlson
, 92 Ill. 2d 440, 449, 442 N.E. 2d 504 (1982).  We find that any error that resulted from the prosecutor's improper conduct was harmless beyond a reasonable doubt.  However, we emphasize that nothing in this opinion should be interpreted as approving the prosecutorial misconduct exhibited here, and we strongly admonish the prosecution to eliminate this form of misconduct. 

B. Admissibility of Prior Inconsistent Statement

Defendant next contends the trial court erred in admitting the written statement Vargas made in the hospital as a prior inconsistent statement under section 115-10.1 of the Code of Criminal Procedure (725 ILCS 5/115-10.1 (West 1996)).  Defendant claims Vargas' statement should not have been admitted as substantive evidence because it was not inconsistent with his trial testimony.  We have found however, that Vargas' statement was inconsistent with his trial testimony.  We also note that a trial court's determination of the admissibility of evidence will not be disturbed absent an abuse of discretion.  
People v. Edmundson
, 247 Ill. App. 3d 738, 744, 617 N.E.2d 446 (1993). Pursuant to section 115-10.1 (725 ILCS 5/115-10.1 (West 1996)), prior inconsistent statements are admissible as substantive evidence where the witness is subject to cross-examination and the statements were made under oath or signed by the witness. 

Section 115-10.1 governs when a prior inconsistent statement is admissible as substantive evidence.  The statute reads in relevant part:

"§115-10.1. Admissibility of Prior Inconsistent 

Statements.  In all criminal cases, evidence of a statement made by a witness is not made inadmissible by the hearsay rule if

(a) the statement is inconsistent with his testimony at the hearing or trial, and 

(b) the witness is subject to cross-examination concerning the statement, and 

(c) the statement -

***

(2) narrates, describes, or explains an event or condition of which the witness had personal knowledge, and 

(A) the statement is proved to have been written or signed by the witness, or

(B) the witness acknowledged under oath the making of the statement either in his testimony at the hearing or trial in which the admission into evidence of the prior statement is being sought, or at a trial, hearing, or other proceeding ***."  725 ILCS 5/115-10.1 (West 1996).

Following the accident, Vargas agreed to and signed a handwritten statement given to Assistant State's Attorney Roddy while in the hospital emergency room.  In this statement, Vargas indicated he and defendant were driving around on the night of July 22, 1994, drinking beer and snorting cocaine.  At different points in the evening, they stopped at a liquor store and a bar called Cafe Fresco.  Vargas stated defendant was driving the car when he became involved in a police chase.  After eluding the police, Vargas stated defendant continued driving over 85 miles per hour and ran a number of red lights.  Vargas stated he told defendant to slow down, but defendant refused, drove through a red light, and smashed into the victim's car.  

Contrary to defendant's assertions, the portions of Vargas' trial testimony that related to the events leading up to and including the accident were in fact directly inconsistent with his handwritten statement.  Upon direct examination, Vargas testified he was driving around in defendant's car after being picked up by defendant.  He testified that they drove around the neighborhood but denied making any stops.  This testimony is directly inconsistent with his statement that he and the defendant stopped at a liquor store and at a bar called Cafe Fresco.  Vargas also claimed that, although he remembers being with defendant prior to the accident, he did not remember who was driving the car.  Vargas also denied making various other admissions in the signed statement. 

     Defendant relies on 
People v. Redd
, 135 Ill. 2d 252, 553 N.E. 2d 316 (1990), to support his argument that the prejudice to defendant in admitting this statement as substantive evidence is no different than when a witness in court asserting his fifth amendment (U.S. Const., amend. V) privilege refuses to testify and then his prior statement is admitted into evidence. Defendant cites 
Redd
 for the proposition that a witness's in-court assertion of the privilege against self-incrimination could not be considered "inconsistent" for purposes of section 115-10.1.

     W
e do not believe the 
Redd
 analysis is applicable in the present case. Here, there has been no assertion of the fifth amendment privilege.  In addition, the case at bar can be clearly distinguished on its facts.  Some portions of Vargas' testimony were inconsistent with his written statements, others indicated a lack of memory or a selective memory.  Additionally, Vargas denied making certain admissions in his statement.  Section 115-10.1 was designed to allow cross-examination in precisely this sort of situation, to "prevent a turncoat witness from backing away from a former statement made under circumstances indicating it was likely to be true by merely denying the statement." 
People v. Fauber
, 266 Ill. App. 3d 381, 390-91, 640 N.E. 2d 689 (1994). 

Defendant further claims that the admission of the Vargas statement as substantive evidence against defendant denied defendant his constitutional guarantees to confrontation and due process of law.  In order for a statement to qualify for admission as a prior inconsistent statement under section 115-10.1, the witness who made the statement must be subject to cross-examination concerning the statement.  In the present case, defendant was free at trial to cross-examine Vargas regarding the circumstances of the interrogation and was afforded an adequate opportunity to test Vargas' lack of recall, inconsistencies, and denials.  The jury, faced with Vargas' inconsistent statements, could have concluded that the out-of-court statement was unreliable, but apparently chose not to do so. 

     The law is well settled that the confrontation clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to cross-examination.  
California v. Green
, 339 U.S. 149, 26 L. Ed. 2d 489, 90 S. Ct. 1930 (1970).  Based on the totality of the circumstances, we find that the admission of the Vargas statement as substantive evidence did not deprive defendant of his right to confrontation and due process of law.

    The statement also meets the remaining requirements for admissibility under section 115-10.1; the statement describes events of which Vargas had personal knowledge, and Vargas signed the statement.  Having met all the necessary requirements, Vargas' statement was clearly admissible as substantive evidence as a prior inconsistent statement under section 115-10.1.

Next, defendant asserts the statement should not have been admitted because the court failed to ascertain its voluntariness.  Defendant cites 
People v. Johnson
, 255 Ill. App. 3d 547, 626 N.E.2d 1073 (1993), for the proposition that the court had a duty to inquire as to the voluntariness of Vargas' statement, specifically, if Vargas was coherent when making the statement.  In 
Johnson
, this court stated that even if a statement meets the requirements of section 115-10.1, the court must make a finding that there is a sufficient evidentiary basis from which a jury could find that the declarant's prior statements were knowing and voluntary.  
Johnson
, 255 Ill. App. 3d at 558. 

      However, in 
People v. Pursley
, 284 Ill. App. 3d 597, 672 N.E.2d 1249 (1996), the court specifically addressed the holding in 
Johnson
, noting that the legislature determined what would constitute reliability when drafting section 115--10.1 and indicated that, "[t]herefore, a finding of reliability and voluntariness is automatically made by concluding that a prior statement meets section 115-10.1's test."  
Pursley
, 284 Ill. App. 3d at 609.  The 
Pursley
 court then noted that, "[a]ccordingly, no additional analysis is needed." 
Pursley
, 284 Ill. App. 3d at 609.  See also 
People v. Carlos
, 275 Ill. App. 3d 80, 84, 655 N.E. 2d 1182 (1995) (the fact a statement is admissible under section 115-10.1 of the Code already demonstrates its reliability, and no additional evidence of the statement's reliability need be shown).   

We agree with the court's analysis in 
Pursley
 and find that if a prior inconsistent statement meets section 115-10.1's requirements, it may be admitted as substantive evidence without an independent determination of its voluntariness.  
Pursley
, 284 Ill. App, 3d at 609; 
Carlos
, 275 Ill. App. 3d at 84.  

     For the foregoing reasons, the trial court did not abuse its discretion in admitting the Vargas statement as substantive evidence.  We therefore find the trial court properly admitted Vargas' statement as a prior inconsistent statement under section 115-10.1 of the Code of Criminal Procedure. 

C.  Ineffective Assistance of Counsel

Defendant next asserts a claim of ineffective assistance of counsel based on a number of alleged deficiencies in the performance of defense counsel at trial.  The right to effective assistance of counsel is guaranteed by both the federal and the state constitutions. U.S. Const. amends. VI, XIV; Ill. Const. 1970, art. I, §8.  In challenging the effectiveness of trial counsel, a defendant must demonstrate that his or her counsel's performance was deficient and fell below an objective standard of reasonableness.  In addition, the defendant must show that, but for defense counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different.  
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).  The 
Strickland
 test has been accepted in Illinois as the appropriate means for evaluating an ineffective assistance of counsel claim, and it is the appropriate test to utilize in the present case. See 
People v. Albanese
, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984).

Judicial scrutiny of an attorney's performance must be highly deferential, and a reviewing court will not inquire into areas involving the exercise of discretion, judgment or trial strategy.  
People v. Flewellen
, 273 Ill. App. 3d 1044, 1048, 652 N.E.2d 1316 (1995).  In assessing the validity of defendant's claim, we will address each alleged failure of defense counsel individually.

Defendant first contends defense counsel was ineffective for failing to object to the prosecutor's remarks concerning the victim's character and the testimony of the victim's father regarding her background.  As we have previously addressed, improper remarks by a prosecutor generally do not constitute reversible error unless they result in substantial prejudice to the accused and were material to his or her conviction.  
Sims
, 285 Ill. App. 3d at 606. Though the inflammatory nature of such comments is intensified when defense objections to them are overruled by the trial court, they may still be harmless error where the evidence is overwhelming.  
Carreon
, 225 Ill. App. 3d at 147.  In the present case, any objection by the defense to the improper arguments would not have altered the fact that the evidence against defendant was overwhelming.   

Further, defense counsel's strategy was based on the theory that Vargas, not defendant, was driving at the time of the accident.  His argument centered around the portrayal of defendant as another victim of Vargas, who was older, more experienced and had an extensive criminal background.  Defense counsel used references to defendant's work and family relationships to contrast him with Vargas, whom he argued caused the fatal crash.  The prosecution's references to the victim, her family and the tragic nature of the crash were not inconsistent with the theory of defense which portrayed defendant as a parallel tragic victim.  The defense tactic not to object to the tragic consequences of the crash can be viewed as a legitimate trial strategy to establish credibility with the jury for the defense theory.

Defendant next claims defense counsel failed to adequately challenge the State witnesses who identified him as the driver of the vehicle.  A review of the trial transcripts reveals that defense counsel did engage in the cross-examination of the witnesses who identified defendant as the driver of the car.  The defense attorney was not ineffective simply because he was unable to discredit several very credible eyewitness identifications.  Moreover, defense counsel did question these witnesses as to their opportunity and ability to observe and addressed lighting and distance issues.

Defendant further claims defense counsel was ineffective because no pretrial motion to suppress identification was ever filed.  First, a trial counsel's decision to file or not to file a pretrial motion is a matter of professional judgment.  
People v. McPhee
, 256 Ill. App. 3d 102, 106-07, 628 N.E.2d 523 (1993).  Additionally, if there is no reasonable likelihood that a motion to suppress would have been granted, defendant has failed the prejudice prong of the 
Strickland
 test.  
People v. Steels
, 277 Ill. App. 3d 123, 660 N.E.2d 24 (1995).  There is no evidence that any police misconduct caused the identifications nor is there evidence to suggest such a motion would have been successful or was patently meritorious.  
People v. Stewart
, 217 Ill. App. 3d 373, 577 N.E.2d 175 (1991).  In fact, the evidence shows that all the witnesses had an excellent opportunity to observe defendant.  Therefore, counsel's decision not to file such a motion was a matter of professional judgment and does not support defendant's claim of ineffective assistance of counsel.  
People v. Martin
, 236 Ill. App. 3d 112, 120, 603 N.E.2d 603 (1992). 

     Defendant also alleges defense counsel was ineffective for failing to properly cross-examine Vargas at trial regarding his physical and mental condition at the time he gave his statement.  However, an examination of the record indicates that defense counsel made a strategic choice not to cross-examination Vargas as to his condition following the accident.  This was consistent with his theory of defense, which was summed up in his closing argument as follows:

"[Vargas] was not dazed, he was not confused.  He was a frightened criminal who wanted to put the blame on anyone he could.  And there was this 18-year-old kid who trusted him, who was foolish enough to use his cocaine and who was affected by it and had no idea what this man was doing."  

For defense counsel to elicit information that Vargas was in no condition to give a clear statement as to who was driving would undermine defense counsel's theory that Vargas knew what he was doing when he gave a statement which said defendant was driving and had made a calculated decision to protect himself by telling police that defendant was the driver.   

Also, the limited cross-examination at trial was all that was necessary to elicit from Vargas that he didn't recall who was driving at the time of the accident.  This statement, made under oath at trial, left open the possibility that Vargas was the driver rather than defendant.  We believe defense counsel's limited cross-examination of Vargas was a trial tactic to support the defense theory that defendant was not driving at the time of the accident and thus is properly characterized as trial strategy.  
People v. Patten
, 240 Ill. App. 3d 407, 413, 608 N.E. 2d 351 (1992).

Finally, defendant claims defense counsel was ineffective for failing to tender Illinois Pattern Jury Instructions, Criminal, No. 23.30 (3d ed. 1996) (hereinafter IPI Criminal 3d), which states that if a defendant's blood-alcohol level is more than .05% but less than .10% there can be no presumption that the defendant was or was not under the influence of alcohol. 

      Though this instruction appears to apply to defendant, whose blood-alcohol level was .08%, defendant fails to establish why the failure of his attorney to tender this instruction was ineffective assistance of counsel.  First, the State's testimony that defendant was driving while impaired is not based solely on his blood-alcohol limit but also on the fact he had cocaine in his system.  The State's witness, Dr. Leikin, testified that the combination of both these substances in defendant's system resulted in impaired driving function.  In light of this testimony, IPI Criminal 3d, which deals only with alcohol intoxication, is not determinative of whether defendant's driving was impaired. In addition, where the evidence against a defendant is overwhelming, the lack of a particular instruction is rendered harmless in light of the other instructions, arguments of counsel and a generally fair trial.  
People v. Campbell
, 275 Ill. App. 3d 993, 996-97, 657 N.E.2d 87 (1995).

      Significantly, it should be noted that in the case at bar, the defense presented was unrelated to whether defendant was under the influence of alcohol; rather, defense counsel argued defendant was not the person driving the car at the time of the accident.  Defense counsel's election not to utilize this instruction was consistent with this trial strategy and, therefore, did not constitute ineffective assistance of counsel. 

     Though we find that defense counsel's performance was not deficient as defendant has alleged, even if this were not the case, defendant has failed to satisfy the second prong of the 
Strickland
 test for ineffective assistance of counsel, 
i.e.
, whether there is a reasonable probability that the outcome of the jury verdict would have been different.

In order to show a reasonable probability that the trial result would have been affected, a defendant must demonstrate more than simply that his counsel's errors had some conceivable effect on the outcome of the proceeding.  
McPhee
, 256 Ill. App. 3d at 106, quoting 
People v. Patten
, 240 Ill. App. 3d 407, 413, 608 N.E.2d 351 (1992).  Rather, defendant must show that counsel's deficient performance was sufficient to undermine confidence in the outcome.  
McPhee
, 256 Ill. App. 3d at 106, quoting 
Patten
, 240 Ill. App. 3d at 413.  A defendant is entitled to competent representation, not perfect representation.  
People v. Purnell
, 126 Ill. App. 3d 608, 623, 467 N.E.2d 1160 (1984).   Any alleged "failure" on the part of trial counsel was not outcome determinative as the evidence of defendant's guilt was overwhelming.  There was sufficient evidence to find defendant was guilty beyond a reasonable doubt based on the evidence, including defendant's admissions to police and to the treating physician that he was the driver, the four eyewitnesses, the Vargas written statement, the uncontroverted evidence as to defendant's alcohol and cocaine use, and medical evidence that the combined effects of alcohol and cocaine in defendant's system were sufficient to create an increased risk of being in a motor vehicle accident.

      In light of this overwhelming evidence, any deficiencies of defense counsel, including choices of trial strategy and tactics, were not outcome determinative, and defendant has failed to meet the 
Strickland
 test for ineffective assistance of counsel.

D. Sentencing

Finally, defendant contends his sentence of 13 years was excessive, as an unintentional traffic accident was involved. However, a trial court is vested with considerable discretion in imposing a sentence. 
People v. Beck
, 295 Ill. App. 3d 1050, 693 N.E.2d 897 (1998).  The law is well settled that a sentence within the statutory limits will not be disturbed on review absent an abuse of discretion.  
People v. Wilber
, 279 Ill. App. 3d 462, 469, 664 N.E.2d 711 (1996).

In the present case, the maximum statutory sentence for aggravated reckless homicide is 14 years, and defendant's senten
ce of 13 years is within statutory limits.  A sentence is presumptively correct, and only where such a presumption has been rebutted by an affirmative showing of error will a reviewing court find that the trial court abused its discretion.  
People v. Beck
, 295 Ill. App. 3d 1050, 693 N.E.2d 897 (1998).  There is no such error here, and we find that the trial court properly reviewed mitigating and aggravating circumstances in sentencing defendant to 13 years.  There is nothing in the record to indicate an abuse of discretion in the present case. 

III.  Conclusion

We find that although the State's references to the victim's family and the victim's good character were improper, they did not constitute plain error.  We also find the trial did not err in admitting the incriminating hospital statement of witness and passenger John Vargas as substantive evidence.  Additionally, we do not find defendant's trial counsel was ineffective, and we affirm the sentence imposed by the trial court.

In light of the overwhelming evidence in this case, any error was harmless beyond a reasonable doubt.  Accordingly, we affirm defendant's conviction and sentence. 

Affirmed.

O'BRIEN and GALLAGER, JJ., concur.