THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHARLES C. DRUM, Defendant-Appellee.

Fourth District    No. 4—98—0803

Opinion filed May 1, 2001.

1006

MYERSCOUGH, J., dissenting.

C. Steve Ferguson, State's Attorney, of Charleston (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Charles M. Schiedel and Stephen R. Ryan, both of State Appellate Defender's Office, of Springfield, for appellee.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In January 1997, the State charged defendant, Charles C. Drum, with first degree murder (720 ILCS 5/9—1(a)(1) (West 1996)). In September 1998, the trial court denied the State's pretrial motion to admit certain hearsay statements at defendant's trial, pursuant to section 115—10.2 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115—10.2 (West 1998)), and the State brought an interlocutory appeal from that order (145 Ill. 2d R. 604(a)(1)).

In October 1999, this court dismissed the State's appeal on the ground that we lacked jurisdiction to hear it. *People v. Drum*, 307 Ill. App. 3d 743, 718 N.E.2d 302 (1999) (*Drum I*). The Supreme Court of Illinois granted the State's petition for leave to appeal, reversed our decision to dismiss the State's appeal, and remanded this case to us for further proceedings. *People v. Drum*, 194 Ill. 2d 485, 743 N.E.2d 44 (2000) (*Drum II*).

After further consideration in accordance with the supreme court's directive, we vacate the trial court's order and remand for further proceedings.

## I. BACKGROUND

In January 1997, the State filed first degree murder charges against defendant, his brother, Thomas Drum, and their friend, Marcus Douglas, alleging that the three men had killed Shane Ellison. Thomas and Marcus were tried separately in August 1997 and February 1998, respectively. Each testified in his own defense and acknowledged their involvement in Ellison's death. However, they each attempted to characterize their involvement as minimal and claimed that defendant was the primary aggressor. Marcus testified in Thomas' trial but Thomas refused to testify in Marcus' trial. Juries convicted both men of first degree murder.

In April and May 1998, the State filed two pretrial motions in defendant's case, entitled "Motion For Admission of Tom Drum's Testimony at the Trial of Charles Drum" and "Motion for the Admission of Marcus Douglas' Testimony at the Trial of Charles Drum," in which the State asked the trial court to find that Thomas' and Marcus' prior testimony met the requirements for the then-new statutory residual hearsay exception contained in section 115—10.2 of the Code (725 ILCS 5/115—10.2 (West 1998)). In September 1998, the court conducted a hearing on the State's motions and denied them, finding that Thomas' and Marcus' testimony lacked sufficient trustworthiness

to be admissible under section 115—10.2. The State's appeal of that denial is now before us.

## II. ANALYSIS

### A. Motions *In Limine*

■ In *People v. Owen*, 299 Ill. App. 3d 818, 822, 701 N.E.2d 1174, 1178 (1998), this court noted that although motions *in limine* are most frequently used to bar or limit evidence, they may also be used by the proponent of evidence, such as the State in this case, to obtain a pretrial ruling that the evidence at issue will be admitted at the appropriate point in trial. Thus, although the State in this case styled its pretrial evidentiary motions as motions "for admission of *** testimony," they clearly were motions *in limine* in both purpose and effect (see Black's Law Dictionary 1033 (7th ed. 1999)).

Regardless of how they are used, motions *in limine* always ask a trial court to make a trial ruling outside the normal trial context. *McMath v. Katholi*, 304 Ill. App. 3d 369, 376, 711 N.E.2d 1135, 1140 (1999), *rev'd on other grounds*, 191 Ill. 2d 251, 255, 730 N.E.2d 1, 3 (2000); *Owen*, 299 Ill. App. 3d at 822-24, 701 N.E.2d at 1177-79. A trial court considering a party's motion *in limine* therefore must rely upon counsel's representations or offers of proof to determine what the context for the evidentiary ruling will likely be at trial. *Owen*, 299 Ill. App. 3d at 823, 701 N.E.2d at 1178. For that reason, a trial court has discretion not to address a motion *in limine* at all and may instead wait for the evidentiary issue to arise in the normal course of events at trial. *Owen*, 299 Ill. App. 3d at 823, 701 N.E.2d at 1178. Conversely, when the court does address a motion *in limine* on the merits, its ruling is always subject to reconsideration during trial. *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 163 Ill. 2d 498, 502, 645 N.E.2d 896, 898 (1994); *McMath*, 304 Ill. App. 3d at 375, 711 N.E.2d at 1140-41, *rev'd on other grounds*, 191 Ill. 2d 251, 255, 730 N.E.2d 1, 3, (2000). In either case, the court's final ruling takes place at trial, not before.

When a trial court addresses a motion *in limine* that seeks to admit evidence rather than exclude it, events at trial may very well cause the court to reconsider its preliminary ruling. For example, even if the court grants a motion *in limine* to admit evidence, the proponent must still lay the proper foundation at trial or the evidence will not be admitted. If, on the other hand, the court denies the motion, the party opposing the evidence may nevertheless "open the door" at trial to its admission. Events at trial can also affect (1) the court's initial understanding of the probative value of the evidence, (2) the risk of unfair prejudice to the party opposing the evidence, or (3) its

trustworthiness. As the supreme court wrote in *People v. Childress*, 158 Ill. 2d 275, 296, 633 N.E.2d 635, 644 (1994), "The decision whether to admit evidence cannot be made in isolation. The trial judge must consider a number of circumstances that bear on that issue, including questions of remoteness and prejudice."

## B. Appellate Review of Evidentiary Rulings

■ Reviewing courts sometimes state, as a blanket rule, that *all* evidentiary rulings are reviewed deferentially. See, *e.g.*, *Hilgenberg v. Kazan*, 305 Ill. App. 3d 197, 204, 711 N.E.2d 1160, 1165 (1999) ("[T]he admissibility of evidence is a matter within the sound discretion of the trial judge, whose decision will not be reversed absent a clear abuse of discretion"). However, as the *Childress* court correctly stated, the abuse-of-discretion standard is only a *general* rule (*Childress*, 158 Ill. 2d at 296, 633 N.E.2d at 644), and important exceptions exist. Statutes and common-law principles governing the admission of evidence often combine purely legal requirements and discretionary decisions.

■ For example, section 115—10.1 of the Code creates a statutory hearsay exception for prior inconsistent statements of a witness in a criminal case under certain circumstances (725 ILCS 5/115—10.1 (West 1998)). That section provides that a prior inconsistent statement is not made inadmissible by the hearsay rule if (1) the statement is inconsistent with the witness' testimony at trial; (2) the witness is subject to cross-examination concerning the statement; (3) the statement describes an event of which the witness had personal knowledge; and (4) the statement is proved to have been accurately recorded (725 ILCS 5/115—10.1 (West 1998)). The question of whether the out-of-court statement was inconsistent with the witness' in-court testimony depends on the context in which the statement is offered at trial. A trial court's finding in this regard is reviewed deferentially, as is the court's determination that the statement describes an event of which the witness had personal knowledge. *People v. Barker*, 298 Ill. App. 3d 751, 758, 699 N.E.2d 1039, 1043-44 (1998). However, questions of whether the statement was recorded within the meaning of the statute, or whether the witness is subject to cross-examination, do not involve the trial court's discretion and accordingly are reviewed *de novo*. See *People v. Kinsloe*, 281 Ill. App. 3d 799, 807-08, 666 N.E.2d 872, 877 (1996) (construing the statute; giving no deference to trial court).

Another example of an evidentiary ruling being reviewed *de novo* is found in *People v. Keith*, 148 Ill. 2d 32, 37-38, 591 N.E.2d 449, 451 (1992), where the trial court ruled that section 11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.2)

required the State to demonstrate, as part of its foundation for admitting breathalyzer test results in a reckless homicide prosecution, that its breathalyzer operator complied with all applicable Illinois Department of Public Health regulations. The supreme court, reviewing the trial court's decision *de novo*, held that the court had misconstrued the statute. *Keith*, 148 Ill. 2d at 41, 591 N.E.2d at 453.

### C. The Timing of the Trial Court's Ruling at Issue

■ In this case, the State—and not defendant—filed a motion *in limine*, seeking to admit hearsay testimony pursuant to the residual hearsay exception contained in section 115—10.2 of the Code (725 ILCS 5/115—10.2 (West 1998)). That section provides, in relevant part, as follows:

> "(a) A statement not specifically covered by any other hearsay exception[,] but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule if the declarant is unavailable ***.

> *  *  *

> (c) Unavailability as a witness is limited to the situation in which the declarant persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so." 725 ILCS 5/115—10.2(a), (c) (West 1998).

Section 115—10.2 places various procedural burdens on the proponent of the hearsay testimony sought to be introduced. These procedural burdens, in turn, render motions *in limine* unwieldy vehicles through which the proponent of the hearsay testimony seeks a pretrial ruling. Comparing issues presented by an effort to render hearsay testimony admissible under section 115—10.2 to other issues frequently raised in motions *in limine* should make this point clear.

Trial courts are commonly confronted with two types of motions *in limine*: (1) the State seeks to introduce other-crimes evidence and (2) the defendant seeks to bar evidence of prior convictions. In both instances, the parties routinely seek pretrial rulings regarding these potentially prejudicial matters by filing motions *in limine*, and, within the limitations discussed earlier, those rulings typically—and appropriately—are forthcoming. Motions pursuant to section 115—10.2 of the Code, however, are unique.

In cases involving the admission of a defendant's prior convictions or other-crimes evidence, the issue is ripe when the trial court makes its *in limine* ruling. Here, on the other hand, section 115—10.2 of the Code allows for the admission of the hearsay statements only when "the declarant *persists* in refusing to testify *** despite an order of the court to do so." (Emphasis added.) 725 ILCS 5/115—10.2(c) (West 1998). That precondition can be satisfied only at trial.

Here, the State sought admission of the statements based only on the representations of Thomas' and Marcus' attorneys that their clients intended not to testify if called upon to do so at defendant's trial. Specifically, Thomas' attorney stated as follows:

"I think it would be fair to say, Judge, at this point[,] that [Thomas] does not intend to testify ***.

However, he would want to be *** faced with that particular situation before he would make that decision, so there is definitely some uncertainty to his position at this time."

Marcus' attorney stated as follows:

"[A]t this point, my client does not know what he will be doing. He certainly has no desire to shield [defendant] from anything, but I think the [c]ourt is well aware my client is looking at a fairly substantial minimum sentence in the Department of Corrections. [Defendant] has been a regular at [the] Department of Corrections. My client fears for his safety.

I think two things—well, I think he is entitled to make that decision up until the time he needs to make that decision to take the time, but also I believe before he makes that decision, he does have the right to be admonished by the [c]ourt as to what he is facing if he [decides] in a way that would cause the State to ask that he be held in contempt."

The State's assumption that Thomas and Marcus would refuse to testify if ordered to do so was just that—an assumption. Both Thomas' and Marcus' attorneys expressed uncertainty regarding their clients' positions. Further, even if no question existed that Thomas and Marcus had a *present* intent to disobey a court order to testify, experienced attorneys and trial judges know that a person's will to resist court orders often withers when sitting in the courtroom, facing an insistent judge and imminent contempt sanctions. Thomas' and Marcus' attorneys both apparently understood as much when they each urged the court not to assume their clients would commit contemptuous conduct until actually faced with the decision at trial.

■ Because a declarant's hearsay statements can be admissible under section 115—10.2 of the Code *only* when "the declarant persists in refusing to testify *** despite an order of the court to do so" (725 ILCS 5/115—10.2(c) (West 1998)), we hold that the trial court erred by making a pretrial ruling that the hearsay statements at issue were not admissible. The issue in this case was not yet ripe and would not become ripe until and unless either declarant *at trial* persisted in refusing to testify despite an order of the court to do so. Accordingly, we vacate the trial court's order in which it ruled the declarants' hearsay statements inadmissible under section 115—10.2 of the Code and remand for further proceedings.

### III. CONCLUSION

For the reasons stated, we vacate the trial court's order and remand for further proceedings.

Vacated and remanded for further proceedings.

McCULLOUGH, J., concurs.

JUSTICE MYERSCOUGH, dissenting:

I respectfully disagree with the majority. I find it curious that the court raises an issue of ripeness that was neither raised nor recognized by the parties, the trial court, or the Supreme Court of Illinois. The majority pointedly raised this ripeness issue in its previous decision in *Drum I*, 307 Ill. App. 3d at 751-53, 718 N.E.2d at 309-10, yet the supreme court did not address that issue, instead remanding this case for us to address the merits (*Drum II*, 194 Ill. 2d at 492-93, 743 N.E.2d at 48): whether the trial court's decision, that the prior testimony of Thomas and Marcus did not meet the requirements of the statutory residual hearsay exception, was against the manifest weight of the evidence. We should do so and find that the trial court did not abuse its discretion.

The statute requires the trial court to make several findings before prior statements are inadmissible:

"(a) A statement not specifically covered by any other hearsay exception[,] but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule if the declarant is unavailable as defined in subsection (c) and if the court determines that:

(1) the statement is offered as evidence of a material fact; and

(2) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

(3) the general purposes of this [s]ection and the interests of justice will best be served by admission of the statement into evidence.

(b) A statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement, and the particulars of the statement, including the name and address of the declarant.

(c) Unavailability as a witness is limited to the situation in which the declarant persists in refusing to testify concerning the subject matter of the declarant's statement despite an order of the court to do so." 725 ILCS 5/115—10.2(a) through (c) (West 1998)).

Equivalent circumstantial guarantees of trustworthiness, evidence of a material fact more probative than other evidence, interests of justice, and advance notice may be determined, or should be, prior to trial. I agree with the majority that the actual determination of unavailability cannot be made in most circumstances until trial. As with any hearsay statement under sections 115—10, 115—10.1, 115—10.3, and 115—10.4 of the Code (725 ILCS 5/115—10, 115—10.1, 115—10.3 (West 1998); 725 ILCS 5/115—10.4 (West Supp. 1999)), or with evidence of prior sexual offenses under section 115—7.3 of the Code (725 ILCS 5/115—7.3 (West 1998)), section 115—10.2 of the Code (725 ILCS 5/115—10.2 (West 1998)) requires notification of the intent to use the evidence and, either explicitly or by inference, requires the trial court to rule on admissibility prior to the witness or defendant taking the stand.

If the evidence is found inadmissible because the trial court has found that the evidence does not possess sufficient "circumstantial guarantees of trustworthiness" (725 ILCS 5/115—10.2(a) (West 1998)), the inquiry stops there. If the evidence is ruled admissible, the issue of unavailability only arises if the individual does not testify. Clearly, the parties should not be faced with a lengthy hearing on all of the issues of admissibility in the middle of trial. This certainly would impair the State's ability to prosecute the case and the defendant's ability to defend the case.

For example, as in the instant case, when aware in advance of a witness' potential reluctance to testify, the State can grant immunity to encourage testimony or uncover other evidence to bolster the case if the evidence is inadmissible. I would, therefore, affirm the trial court.