NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 200103-U

NO. 4-20-0103

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 5, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Morgan County |
| JAMES A. McGOWAN, | ) | No. 17CF56 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffery E. Tobin, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The prosecutor made improper comments during his closing argument, but those comments did not rise to the level of plain error so as to deny defendant a fair trial.

¶ 2     After a jury trial, defendant James A. McGowan was convicted of delivery of a controlled substance. The trial court sentenced him to 18 years in prison. In this direct appeal, defendant contends the prosecutor made improper comments during his closing argument, resulting in substantial prejudice and the need for a new trial. Although we find some of the prosecutor's comments improper, those comments did not affect the jury's verdict based upon the totality of the evidence presented. We affirm.

¶ 3                                          I. BACKGROUND

¶ 4     In defendant's August 2019 jury trial, the State prosecuted defendant on one charge of unlawful delivery of more than 15 grams but less than 100 grams of a substance containing

cocaine (720 ILCS 570/401(a)(2)(A) (West 2016)). The State called three witnesses. First, Julia Edwards, an Illinois State Police chemist, testified as an expert in forensic drug chemistry that the "chunky" and "rock-like substance" inside the bag marked as People's exhibit No. 1 was 15.9 grams of a substance containing cocaine.

¶ 5        Second, Wilbert Bruner, an admitted drug addict, testified he agreed to act as a confidential informant for the police in exchange for $400 and leniency in his pending criminal case. On March 15, 2017, at Detective Sean Haefeli's request, Bruner participated in a controlled buy of crack cocaine from defendant at Bruner's house. Bruner testified Haefeli placed an audio/video recording device on him, gave him $1500 to give defendant for the purchase, and remained in Bruner's house during the transaction. Bruner said, in exchange for the $1500, defendant gave Bruner a bag containing "a white rock," which Bruner said he sampled to make sure it was crack cocaine. After defendant left, Bruner gave the substance to Haefeli.

¶ 6        Third, Haefeli, testified he set up a controlled buy using Bruner. Haefeli arrived at Bruner's house and searched him and the surrounding area of his home. He had Bruner place a recorded telephone call to defendant wherein defendant agreed to come to Bruner's home. Haefeli testified he was at Bruner's home approximately an hour before the transaction occurred and, during that time, he was in constant contact with Bruner. When defendant arrived, Haefeli was in the living room and saw defendant exit the vehicle. After the transaction, Bruner gave Haefeli the substance marked as People's exhibit No. 1. Haefeli also testified it was this substance that he saw in defendant's hand prior to it being given to Bruner. The transaction was recorded from a body camera worn by Bruner. The video recording was marked as People's exhibit No. 3 and was published to the jury.

¶ 7        On cross-examination, Haefeli acknowledged there was a minute or two of audio but no video on the recording, indicating to him the recording device seemed to be "under some piece of clothing." Haefeli also acknowledged that, because he was in the basement, he did not know whether Bruner went into a bedroom or bathroom during the time the video recording was blocked. Haefeli acknowledged he could have set up cameras inside the home but did not do so.

¶ 8        The State rested, and defendant presented no evidence. The jury found defendant guilty of delivery of a controlled substance. Defendant filed a motion for a new trial, claiming only "the evidence adduced at trial was not sufficient to convict him beyond a reasonable doubt." The trial court disagreed, denied defendant's motion, and sentenced him to 18 years in prison.

¶ 9        This appeal followed.

¶ 10                                II. ANALYSIS

¶ 11       Defendant argues the prosecutor made improper comments to the jury during his closing argument that prejudiced the jury against him and denied him a fair trial. We agree some of the complained-of comments were improper, but we disagree those improper comments denied defendant a fair trial.

¶ 12       Initially, we note, and defendant concedes, he failed to object to the errors he raises on appeal and include these claims in his posttrial motion. To preserve an issue for review on appeal, the defendant must object to the error at trial and include the objection in a posttrial motion. *People v. Basler*, 193 Ill. 2d 545, 549 (2000). Because defendant failed to preserve the claims, he has forfeited this court's consideration of the same. However, defendant asks us to review his arguments as to prosecutorial misconduct under the plain-error doctrine.

¶ 13       The plain-error doctrine allows a reviewing court to consider an unpreserved error when either: "(1) a clear or obvious error occurred and the evidence is so closely balanced that the

error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Defendant claims both prongs apply.

¶ 14        Based upon our review of the record, we find the evidence cannot be described as closely balanced. Haefeli testified he saw defendant exit the vehicle at Bruner's residence. Once inside, as seen on the video recording, defendant (as identified by the pants he was wearing) had in his hand the bag with the "white rock." Haefeli testified that once the transaction was over and defendant had gone, Bruner gave him the bag with the substance inside. The fact that the video does not show the actual "hand-to-hand" transaction is of no consequence, as the occurrence of the transaction can be presumed given Haefeli's testimony of the related circumstances. Accordingly, we find the errors alleged by defendant could not, by themselves, tip the scales of justice against him. Therefore, we will only consider defendant's arguments as they apply to the second prong of the plain-error doctrine.

¶ 15        The first step in assessing whether the plain-error doctrine applies is to determine first whether any error has occurred. *Piatkowski*, 225 Ill. 2d at 565. "Every defendant is entitled to a fair trial free from prejudicial comments by the prosecution." *People v. Barker*, 298 Ill. App. 3d 751, 757 (1998). Prosecutors, however, are afforded wide latitude in closing argument, and improper remarks will not merit reversal unless they result in substantial prejudice to defendant, in light of the context of the language used, its relationship to the evidence, and its effect on the defendant's right to a fair and impartial trial. *People v. Bowen*, 241 Ill. App. 3d 608, 621 (1993); see also *People v. Pasch*, 152 Ill. 2d 133, 184-85 (1992); *Barker*, 298 Ill. App. 3d at 757. Reversible

error results when comments by a prosecutor substantially prejudice a defendant, causing one to question whether the guilty verdict resulted from those comments. *People v. Castaneda*, 299 Ill. App. 3d 779, 784 (1998). "[S]tatements of counsel and argument based upon facts and circumstances proved, or upon legitimate inference drawn from them, [however,] do not exceed the bounds of proper debate." *Bowen*, 241 Ill. App. 3d at 621. The prosecutor is free to reflect unfavorably on the defendant and comment on his action if based upon competent and pertinent evidence. *Id.*

¶ 16 However, the prosecutor should not make comments that improperly shift the focus of the jury's attention from the evidence in the case to the objectives of trial counsel. Such comments do little to help the jury resolve the issues in the case. See *People v. Emerson*, 97 Ill. 2d 487, 498 (1983).

¶ 17 Before we address the defendant's challenges to the prosecuting attorney's closing argument, we believe a brief overview of the defendant's theory of the case is helpful to provide context for our analysis. In his opening statement, defense counsel told the jury the investigation was "shoddy at best." He told the jury Haefeli arrived at Bruner's residence approximately two hours prior to the alleged transaction, which gave Bruner "two hours in his own house to fabricate evidence, move things around, and do whatever he would like to do." Defense counsel told the jury the video they would watch showed "no drug interaction" and that Bruner was not to be believed. When questioning the State's witnesses, defense counsel reiterated the video did not show a hand-to-hand drug transaction and raised questions regarding whether the State could prove what happened during the portion of the recording without video.

¶ 18        Defendant argues the prosecutor improperly argued defense counsel was attempting to confuse the jury and make the jury believe defendant had to prove his innocence. The portions of the prosecutor's argument to which defendant refers are as follows:

"I don't want to spend a lot of time on this [(the weight of the substance)]. That's about as simple as it gets. But I do want to anticipate that [defense counsel] may want to make the simple confusing. That's defense tactics 101; take things that are simple, try to make things confusing. He may try to say things to you like [']well, how do we know how much cocaine was in this rock.[']

* * *

You all watched the video and will watch it again here in a moment, but common sense tells you that was a drug deal. I guess if, by [defense counsel]'s way of thinking, if that wasn't a drug deal, I guess maybe the [d]efendant was a door-to-door salesman selling $1,500 worth of Amway products on Center Street here in Jacksonville. That makes no sense. Common sense tells you that that was a drug deal."

During his rebuttal, the prosecutor stated:

"Thank you, Your Honor. Ladies and Gentlemen, I used to be a defense attorney. I received the exact same playbook as [defense counsel] when I did that job. That's defense attorney tactics 101. Literally it's right on the, it's right on the first page. It says talk about the evidence that is not presented."

¶ 19        Having reviewed the prosecutor's comments in context and in relation to the record as a whole, we do not find all of the comments improper. The prosecutor commented on the sufficiency of the evidence by urging the arguable common-sense interpretation of the transaction

and, in particular, the video recording. See *People v. Nicholas*, 218 Ill. 2d 104, 121 (2005) (stating the State may comment on the evidence and any reasonable inferences it yields). Further, prosecutors can comment on subjects of common experience or common sense. *People v. Anderson*, 2018 IL App (4th) 160037, ¶ 52. Asking the jury to rely on its common sense as to what it believed occurred during the transaction was not improper.

¶ 20 However, we find the prosecutor's comment in his rebuttal argument about his prior experience as a defense attorney in concert with his comments about a "playbook" and "defense attorney tactics 101" were improper. These comments appeared to be the State's method of encouraging the jury to focus on the evidence presented and not follow defense counsel's interpretation of the evidence or lack thereof. Yet, the prosecutor could have made his point without interjecting his own experience as a defense attorney and misleading the jury into believing defense counsel used "defense attorney tactics" from a "playbook." These comments about defense counsel's trial tactics were not based on the evidence and would not help the jury resolve the issues in the case.

¶ 21 Nevertheless, although improper, the prosecutor's comments did not result in reversible error. We cannot say they resulted in substantial prejudice to defendant because the evidence against him was overwhelming. See *People v. Wheeler*, 226 Ill. 2d 92, 123 (2007) (stating improper comments during closing argument warrant reversal only if the comments constituted a material factor in defendant's conviction). We fail to see how these comments could have had any impact on the jury's verdict, as they did not constitute a material factor or cause substantial prejudice. The overwhelming evidence showed defendant sold Bruner over 15 grams of crack cocaine for $1500. The prosecutor's attempt to explain the confusion allegedly advocated by defense counsel by telling the jury that such confusion was expected as "defense counsel tactics

101" in the "playbook" was misleading and improper. See *People v. Johnson*, 208 Ill. 2d 53, 82 (2003) (stating it is improper for the prosecutor to accuse defense counsel of attempting to create reasonable doubt by confusion, misrepresentation, or deception). But, this improper comment was brief and not part of a pattern of misconduct, and therefore, it did not constitute reversible error. See *Wheeler*, 226 Ill. 2d at 123.

¶ 22         As for plain error, we find defendant cannot establish the same under either prong of the plain-error rule. See *People v. Keene*, 169 Ill. 2d 1, 17 (1995) (stating while all plain errors are reversible, not all reversible errors are also plain). The evidence was not closely balanced, and the error was not so serious that it affected the fairness of the trial or challenged the integrity of the judicial process.

¶ 23         Further, we find, contrary to defendant's claim, the prosecutor did not improperly shift the burden of proof to defendant. Defendant argues the prosecutor's comment about the apparent defense theory that defendant was at Bruner's residence as an "Amway salesman" suggested to the jury that defendant was required to prove his innocence and explain his presence.

¶ 24         Because an accused has the constitutional right not to testify, a prosecutor cannot make either a direct or indirect comment on the exercise of that right. *Griffin v. California*, 380 U.S. 609, 613 (1965); see also *People v. Arman*, 131 Ill. 2d 115, 125-26 (1989). In deciding whether an improper comment has been made on a defendant's exercise of his right not to testify, the court should consider whether the reference was intended or calculated to direct the attention of the jury to "the defendant's neglect to avail himself of the right to testify." (Internal quotation marks omitted.) *Arman*, 131 Ill. 2d at 126. In making that determination, a reviewing court must examine the challenged comments in the context of the entire record. *Arman*, 131 Ill. 2d at 126.

¶ 25 Although the State may comment the evidence is uncontradicted, even when the defendant is the only person who could have provided contrary proof, there is a line beyond which the State may not go. *Keene*, 169 Ill. 2d at 21. Specifically, the *Keene* court pointed out that "[t]he State may not point the finger of blame directly at the defendant for his failure to testify when it is within his power to enlighten the jury. [Citation.] Such prosecutorial design crosses the danger line marking the outer boundary of proper commentary." (Internal quotation marks omitted.) *Keene*, 169 Ill. 2d at 21. Further explaining, the court said, "[T]he State is free to point out what evidence was uncontradicted so long as it expresses no thought about who specifically—meaning the defendant—could have done the contradicting." *Keene*, 169 Ill. 2d at 21 (citing *People v. Wollenberg*, 37 Ill. 2d 480, 487-88 (1967) (involving the comment "[n]o one else testified")).

¶ 26 We find the complained-of comment did not cross the line. This is not a case where only two people, defendant and Bruner, knew what happened at his residence. See *Keene*, 169 Ill. 2d at 20-23 (stating the prosecutor's comment the evidence was uncontradicted was not improper where there were other witnesses besides the defendant who could have provided contrary proof). Here, the jury was able to rely on its interpretation of the video to determine what had occurred. The prosecutor's comment was made during his reference to a common-sense interpretation of the incident. That is, the prosecutor urged the jury to rely on its common sense based on the evidence presented. It was not a comment directed to defendant's failure to explain his presence. *Cf. People v. Edgecombe*, 317 Ill. App. 3d 615, 621 (2000) (stating the prosecutor's repeated remarks that "no one," other than the victim, testified at trial were designed to focus the jury's attention on the defendant's failure to testify).

¶ 27 Having reviewed the record, including carefully scrutinizing the prosecutor's closing and rebuttal arguments, we cannot say the prosecutor's comments denied defendant a fair

trial despite error. Defendant has failed to meet his burden of establishing plain error, and therefore, his procedural default must be honored. See *People v. Ahlers*, 402 Ill. App. 3d 726, 734 (2010).

¶ 28                                    III. CONCLUSION

¶ 29           For the foregoing reasons, we affirm the trial court's judgment.

¶ 30           Affirmed.