THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LESTER DAVIS, Defendant-Appellant.

First District (5th Division) No. 1—88—2660

Opinion filed November 8, 1991.

Randolph N. Stone, Public Defender, of Chicago (Elizabeth Burke and James H. Reddy, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kevin Sweeney, and Ashley Ann Romito, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Defendant was convicted, after a bench trial, of first degree murder and armed violence. (Ill. Rev. Stat. 1987, ch. 38, pars. 9—1(a), 33A—2.) He appeals, contending that the second degree murder statute violates the principles of due process, equal protection, and separation of powers in the Federal and State constitutions. For the following reasons, we affirm.

Defendant was charged with first degree murder and armed violence. In a bench trial, the following testimony was presented.

Eric Johnson testified that in the morning of September 25, 1987, he was in his apartment with Tarsha Murray, which was below the apartment of the victim, Lucy Coleman. He heard a set of footsteps leaving through the front door of Coleman's apartment and then the door closed but immediately opened again and he heard two sets of footsteps headed toward the bedroom. Coleman said, "[P]lease don't hurt me, *** I'll do whatever you want." There was a "big thump" and then Coleman screamed. Johnson left his apartment and asked a neighbor to telephone the police.

In her testimony, Tarsha Murray related an account similar to Johnson's.

After the police and paramedics arrived, defendant and Coleman were taken to the hospital where Coleman died as a result of multiple stab wounds to the chest.

While in the hospital, after the police advised him of his *Miranda* rights, defendant signed a written statement which was admitted into evidence. In the statement, defendant said he and Coleman were married but living apart and he went to her apartment that morning to drop off her mail. When she told him to leave because she was leaving for work, they argued and defendant stabbed both Coleman and himself with a knife he had in his pocket. He identified a knife found at the scene as the murder weapon.

Jose Pabadillo testified that a few days before Coleman was murdered, he was talking to defendant and Tommy Holt when defendant said "if I can't have her nobody can."

Defendant presented three witnesses, Tommy Holt, Robert Daniel, and Verlene Smith, who testified that he had a reputation for peacefulness. Holt also testified that he did not hear defendant say "if I can't have her nobody can." Holt and Smith testified that defendant did not carry a knife.

Defendant testified that he went to Coleman's apartment to drop off her mail but she told him she was in a hurry and had to leave for work. He took out a knife from his pocket and stabbed himself, and Coleman ran to the bedroom toward the telephone. Defendant pushed her down on the bed, stabbed her several times, and then stabbed himself. He testified that he did not know why he stabbed her but he did not intend to kill her.

In closing argument, defense counsel argued that the evidence supported a finding of second degree murder.

The judge found defendant guilty of first degree murder and armed violence and sentenced him to 22 years in prison. Defendant now appeals.

OPINION

The only issues defendant raises on appeal challenge the constitutionality of the second degree murder statute.

■ The State initially responds that defendant waived the issues because they were not raised at the trial court level; however, the supreme court has held that the constitutionality of a statute may be raised at any time, even for the first time on appeal. (*People v. Bryant* (1989), 128 Ill. 2d 448, 539 N.E.2d 1221.) Therefore, the issues were not waived.

■ On July 1, 1987, the voluntary manslaughter statute (Ill. Rev. Stat. 1985, ch. 38, par. 9—2) was repealed and replaced with the second degree murder statute (Ill. Rev. Stat. 1987, ch. 38, par. 9—2). The offense of second degree murder has the elements of first degree murder plus one of the following mitigating factors:

"(1) At the time of the killing [defendant] is acting under a sudden and intense passion resulting from serious provocation by the individual killed or another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed; or

(2) At the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the

killing [as self defense] but his belief is unreasonable." (Ill. Rev. Stat. 1987, ch. 38, pars. 9—2(a)(1), (a)(2).)

The second degree murder statute requires a defendant on trial for first degree murder to prove one of the mitigating factors to reduce the offense to second degree murder:

"(c) When a defendant is on trial for first degree murder and evidence of either of the mitigating factors *** has been presented, the burden of proof is on the defendant to prove either mitigating factor by a preponderance of the evidence before the defendant can be found guilty of second degree murder. However, the burden of proof remains on the State to prove beyond a reasonable doubt each of the elements of first degree murder and, when appropriately raised, the absence of circumstances at the time of the killing that would justify or exonerate the killing [as self defense]." (Ill. Rev. Stat. 1987, ch. 38, par. 9—2(c).)

Defendant argues that paragraph (c) of the second degree murder statute violates due process, equal protection, and separation of powers.

Since the second degree murder statute was enacted, these arguments have been considered by numerous appellate courts and rejected. (*E.g., People v. Newbern* (1991), 219 Ill. App. 3d 333, 351-52; *People v. Wright* (1991), 218 Ill. App. 3d 764, 776-77; *People v. Thomas* (1991), 216 Ill. App. 3d 469, 576 N.E.2d 1020; *People v. Doss* (1991), 214 Ill. App. 3d 1051, 574 N.E.2d 806; *People v. Gore* (1991), 212 Ill. App. 3d 984, 571 N.E.2d 1041.) Due to the weight of authority holding that the second degree murder statute does not violate due process, equal protection, or separation of powers, a lengthy discussion of defendant's arguments is not necessary.

■ Defendant first argues that requiring him to prove one of the mitigating factors to reduce the offense of first degree murder to second degree murder violates due process. Due process requires that the prosecution prove every element of an offense beyond a reasonable doubt. (*In re Winship* (1970), 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068.) It is a denial of due process to shift the burden of proving an element of an offense to a defendant. (*Mullaney v. Wilbur* (1975), 421 U.S. 684, 44 L. Ed. 2d 508, 95 S. Ct. 1881.) However, a defendant is not denied due process when he is required to prove a mitigating factor, which is an affirmative defense rather than an element of the offense, to reduce second degree murder to manslaughter. (*Patterson v. New York* (1977), 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319.) Following *Patterson*, the second degree murder statute does not violate the due process clause of either the Federal or State

constitution by requiring a defendant to prove a mitigating factor to reduce first degree murder to second degree murder. (E.g., *Gore*, 212 Ill. App. 3d 984, 571 N.E.2d 1041; *People v. Buckner* (1990), 203 Ill. App. 3d 525, 561 N.E.2d 335.) As a result, defendant's argument that the statute violates due process must be rejected.

■ Defendant also argues that the statute violates equal protection because it shifts the burden of proof to defendants charged with first degree murder although defendants charged with other crimes do not bear the burden of proof. Under the equal protection clause, the State must treat similarly situated groups of persons equally but it does not require equal treatment for groups that are dissimilar. (*People v. Willis* (1991), 217 Ill. App. 3d 909, 577 N.E.2d 1215.) Defendants charged with first degree murder are not similarly situated with defendants charged with other offenses. (*Willis*, 217 Ill. App. 3d 909, 577 N.E.2d 1215.) Further, because the statute does not discriminate against a suspect class or deny a fundamental right, it must be analyzed under the rational basis test. (*Wright*, 218 Ill. App. 3d 764; *Gore*, 212 Ill. App. 3d 984, 571 N.E.2d 1041.) The State has a compelling interest in the fair, reliable, and efficient regulation of criminal activity which justifies the statute under the rational basis test. (*Wright*, 218 Ill. App. 3d 764; *Gore*, 212 Ill. App. 3d 984, 571 N.E.2d 1041.) The statute does not violate equal protection.

■ Lastly, defendant argues that the statute violates separation of powers because it eliminates the power of the State's Attorney to charge defendants with second degree murder. Under the separation of powers clause, the legislative, executive, and judicial branches of the government are separate and no branch may exercise powers that belong to another branch. (Ill. Const. 1970, art. II, §1.) A party must have standing to challenge the constitutionality of a statute by showing he has sustained, or is in immediate danger of sustaining, a direct injury as a result of enforcement of the statute. (*Willis*, 217 Ill. App. 3d 909, 577 N.E.2d 1215.) To establish standing for an argument that the second degree murder statute usurped the power of the State's Attorney to charge a defendant with second degree murder, there must be a showing in the record that the State was barred from charging him with second degree murder. (*Willis*, 217 Ill. App. 3d 909, 577 N.E.2d 1215.) Further, if standing was established, the statute does not violate separation of powers because the State's Attorney continues to have the power to charge a defendant with second degree murder. (*People v. Burks* (1989), 189 Ill. App. 3d 782, 545 N.E.2d 782.) In this case, defendant does not have standing to raise this argument because the State did not attempt to charge him with

second degree murder and, even if he does have standing, the statute does not usurp the power of the State's Attorney to charge a defendant with second degree murder.

Affirmed.

GORDON and McNULTY, JJ., concur.