SECOND DIVISION

October 31, 2000

No. 1-99-1345

THE PEOPLE OF THE STATE OF ILLINOIS,    )  Appeal from the

)  Circuit Court of

Plaintiff-Appellee,       )  Cook County.

)

    v. ) 

)

XAVIER EDGECOMBE,      )  Honorable

)  Reginald H. Baker,  

Defendant-Appellant. )  Judge Presiding.

JUSTICE McBRIDE delivered the opinion of the court:

Following a jury trial, defendant Xavier Edgecombe was convicted of armed robbery and sentenced to a six-year prison term.  On appeal, defendant contends that he was denied a fair trial because the State engaged in improper argument and the trial court improperly admitted hearsay evidence of flight.  We reverse and remand for a new trial.

Briefly stated, the State's evidence established that DeShon Thompson was the victim of an armed robbery at approximately 1 a.m. on January 15, 1998, near the intersection of Thorn and Hickory Streets in Chicago Heights.  Three individuals, including defendant, grabbed the victim, pointed a gun at him, and demanded 
drugs and money.  Defendant and another individual held the victim's arms while the third individual pointed the gun at the victim.  After taking $60 from the victim, the three men got into a car and drove off.  The victim then reported the incident to police and described the robbers and their vehicle.  Officer Julian testified that while interviewing the victim, he received a radio call that police had stopped a vehicle matching the car described by the victim.  The car contained three people who fled; one of the three people, however, was apprehended.  Minutes later, the victim identified the person who was apprehended as the one who held his left arm and went into his pocket.  The victim also identified the car as the one used in the robbery.  The victim subsequently identified defendant's picture from a photo array and identified defendant in a lineup as the person who held his right arm during the robbery.  Defendant was convicted under an accountability theory.  Prior to trial, defendant made an oral motion 
in
 
limine
, seeking to preclude the State from mentioning that the car in which defendant fled was stolen.  The court said that the State could introduce statements that defendant made concerning the car, but the State indicated that it would not use that evidence at trial.

Prior to closing arguments, defendant made two additional oral motions 
in
 
limine
, which were both denied.  In his first motion, defendant sought to limit the State from arguing anything regarding an unsuccessful search for defendant.  The court denied that motion, but stated that if there was a defense objection, it would issue a cautionary instruction that statements made by lawyers that are not based on the evidence should be disregarded.  Defendant's second motion 
in
 
limine
 sought to preclude the State from arguing that defendant's leaving in the car was a flight and that flight was an indication of guilt.  The court denied that motion, pointing out that the objection amounted to a difference of interpretation as to why defendant was in the car with the other offenders.

After the jury began to deliberate, defendant orally requested a mistrial based on his belief that the State violated the motion 
in
 
limine
 regarding the car, and that the State improperly shifted that burden of proof to defendant.  The court denied the motion, finding that the motion 
in
 
limine
 was not violated and that the burden of proof was not shifted.

Defendant contends that multiple instances of prosecutorial misconduct during closing arguments denied him a fair trial.  He argues that the State's opening and rebuttal arguments repeatedly referred to his failure to testify, attempted to shift the burden of proof to the defense, suggested that the defense was hiding things from the jury, and violated the court's order on a motion 
in
 
limine
 regarding the "getaway" car being stolen.  Although defendant mentioned each classification of improper remarks in his post-trial motion for new trial, he did not specifically object to all of the comments.  We will classify the comments in two groups: those to which there was an objection and those to which there was no objection.  

Comments on defendant's failure to testify

and the shift of the burden of proof

Defendant first argues that the State repeatedly commented on his failure to testify and attempted to shift the burden of proof.  Defendant points to six specific instances in the State's arguments that contain the complained-of comments. 

I

Defense counsel objected to the following comments made by the prosecutor during opening and rebuttal arguments.  These were properly preserved for review. 

During the State's opening argument, the following statement was made:

"[ASSISTANT STATE'S ATTORNEY]: Ladies and gentlemen, the evidence is clear, and the evidence is uncontradicted of DeShon Thompson.  There's no one that got up there that said anything different.  There's no one that got up there and said that the defendant was just standing there - -

[DEFENSE COUNSEL]: Judge, objection.  Counsel is improperly shifting of the burden.  Move for mistrial.

THE COURT: That's denied.  Disregard the last statement."

During the State's rebuttal argument, the following comment was made:

"*** The only question they tell you is that his guy just was there.  Is there any evidence that you heard that his guy was just there?  Nobody told you that.

[DEFENSE COUNSEL]: Objection your Honor.  Detective Leuser testified to that.

THE COURT: Overruled.  Argument."

Also during rebuttal argument, the following comments were made:

"[ASSISTANT STATE'S ATTORNEY]: *** Now, ladies and gentlemen, I'm not going to play any games with you, but I want to focus on something that happened during this trial.  You heard defense counsel ask DeShon a number of things what he did, what he did.  Did he ever ask him (Indicating) what he did?  Never asked that question, did he?  Then he flipped it over in the negative, and he said my guy didn't have a gun, did he?  My guy didn't take your money out of his [
sic
] pants, did he?  But did he ever ask the real question – 

[DEFENSE COUNSEL]: Objection, your Honor, counsel is shifting the burden.

THE COURT: Argument."

II

Defendant also complains of three other comments made during the State's opening and rebuttal arguments to which there was no objection at trial, and would normally be waived for review.  
People v. Enoch
, 122 Ill. 2d 176, 186, 522 N.E.2d 1124 (1988).  However, plain errors that affect substantial rights may be considered for review even though defendant has not properly preserved the issue.  134 Ill. 2d R. 615(a).  The plain error rule applies when the evidence is closely balanced or when the error is of such magnitude that it deprives the defendant of a fair trial.  
People v. Moore
, 171 Ill. 2d 74, 99, 662 N.E.2d 1215 (1996).  Here, we find that the evidence is closely balanced because the case hinges on the testimony of the victim, and we will examine the waived remarks in conjunction with those remarks that were properly preserved for review.

The complained-of comments to which there was no objection were made during the State's opening argument.

The following remarks were made:

"[ASSISTANT STATE'S ATTORNEY]: *** There has been no evidence whatsoever from that witness stand that says $60 wasn't taken from them.  No one said $60 wasn't taken from them, and that is the only evidence that is before you, what you heard from the witness stand, not conjecture or anything else.

* * * 

*** Well, that's the gun.  He doesn't have to have it out.  It could be anywhere on his person.  It could be in his pocket.  He just have [
sic
] it on him.  Here he took it out, so there was more than just being on his person, and there's nothing that said there was no gun.  So you have it, all three elements have been met.

* * * 

The only testimony of DeShon Thompson, that's all you have before you.  Based on that, ladies and gentlemen, you must come back with a finding of guilty beyond a reasonable doubt.  Thank you."

Generally, prosecutors are allowed wide latitude in closing argument and may comment upon the evidence and all legitimate inferences therefrom
, even if they are unfavorable to defendant.  
People v. Jackson
, 293 Ill. App. 3d 1009, 1016, 689 N.E.2d 191 (1997).  The court has discretion to determine the proper character, scope and prejudicial effect of closing arguments.  
People v. Kliner
, 185 Ill. 2d 81, 151, 705 N.E.2d 850 (1998).  Improper remarks are reversible error only when they result in substantial prejudice to the defendant, given the content and context of the language, its relationship to the evidence, and its effect on the defendant's right to a fair and impartial trial.  
Kliner
, 185 Ill. 2d at 151-52.

Because an accused has the constitutional right not to testify, a prosecutor cannot make either a direct or indirect comment on the exercise of that right.  
Griffin v. California
, 380 U.S. 609, 14 L. Ed. 2d 106, 85 S. Ct. 1229 (1965); 
People v. Arman
, 131 Ill. 2d 115, 126, 545 N.E.2d 658 (1989).

In deciding whether an improper comment has been made on a defendant's exercise of his right not to testify, the court should consider whether the reference was intended or calculated to direct the attention of the jury to "the defendant's neglect to avail himself of the right to testify."  
Arman
, 131 Ill. 2d at 126.  In making that determination, a reviewing court must examine the challenged comments in the context of the entire record.  
Arman
, 131 Ill. 2d at 126.

Although the State may comment that the evidence is uncontradicted, even when the defendant is the only person who could have provided contrary proof, there is a line beyond which the State may not go.  
People v. Keene
, 169 Ill. 2d 1, 21. 660 N.E.2d 901 (1995).  Specifically, the 
Keene
 court pointed out that "[t]he State may not point the finger of blame directly at the defendant for his failure to testify when it is within his power to enlighten the jury. [Citations.] Such 'prosecutorial design' crosses the 'danger line' marking the outer boundary of proper commentary."  
Keene
, 169 Ill. 2d at 21.  Further explaining the court said, "the State is free to point out 
what
 evidence was uncontradicted so long as it expresses no thought about 
who
 specifically - - meaning the defendant - - could have done the contradicting."  (Emphasis added.)  
Keene
, 169 Ill. 2d at 21.  From our review of the record we find that most of the complained-of comments in this case crossed the line.  We note that the victim was the only witness who testified to the sequence of events leading to his armed robbery, as defendant exercised his right not to testify.  The State, however, as we will detail, repeatedly argued by inference that the victim was the only person who provided testimony about the armed robbery.  Moreover, the prosecution did not simply say that the evidence was uncontradicted, but focused upon the fact that "no one" contradicted certain aspects of the State's evidence.  These numerous references to the defendant's failure to testify include the following: "there has been no evidence whatsoever from that witness stand that says $60 wasn't taken ***. No one says $60 wasn't taken from them ***," "there's no one that got up there that said anything different ***," "there's no one that got up there and said the defendant was just standing there ***," and "is there any evidence that you heard that this guy was just there?  Nobody told you that."  These remarks, in our opinion, constituted several impermissible comments upon the defendant's failure to testify or to present any evidence.

Although the State argues on appeal that all of the comments were proper when viewed in the context of the entire record and that the comments were merely references to the strength and uncontradicted nature of the State's evidence, we do not agree.  The State also contends that the comments were not designed to direct the jury's attention to defendant's failure to testify but instead were designed to counter defense counsel's unsupported theory that defendant was present but did not participate in the armed robbery.  Again, we disagree.  The prosecutors in both portions of closing argument stated that no one said the defendant was just there.  Because no one other than the victim testified in this case about the offense, we can only conclude that remarks such as "no one *** said *** defendant was just standing there," "nobody told you that," and "no one *** said anything different," were designed to focus the jury's attention upon the defendant's failure to testify.

Additionally, we find that certain comments made by the prosecutor during rebuttal argument improperly shifted the burden of proof.  The comments we refer to are the following:

"[ASSISTANT STATE'S ATTORNEY]: *** Now, ladies and gentlemen, I'm not going to play any games with you, but I want to focus on something that happened during this trial.  You heard defense counsel ask DeShon a number of things what he did, what he did.  Did he ever ask him (Indicating) what he did?  Never asked that question, did he?  Then he flipped it over in the negative, and he said my guy didn't have a gun, did he?  My guy didn't take your money out of his [
sic
] pants, did he?  But did he ever ask the real question."

Although these remarks could have been interpreted as another indirect comment on the defendant's failure to testify because of the prosecutor's ill chosen words ("Did he ever ask him, (Indicating) what he did?), we believe that in this instance the prosecutor was suggesting defense counsel never asked the victim what the defendant actually did; defense counsel focused upon what the defendant did not do and what the other two offenders did that night.  Our review of the cross-examination of DeShon Thompson shows that defense counsel pointed out, among other things, that defendant did not have the gun, that defendant did not go into the victim's pocket, that he did not hold the victim's left arm, that he did not actually take money from the victim, and that it was one of the other offenders who threatened to shoot the victim.

After reviewing the prosecutor's comments in the context of the entire record, we conclude that these particular remarks, although not designed to direct the attention of the jury to the defendant's failure to testify, were designed to direct the attention of the jury to questions defense counsel should have asked, which improperly shifted the burden of proof.  We also note that the defense objection to these particular remarks was overruled by the trial judge.  Generally, a trial judge's prompt action in sustaining an objection will be sufficient to cure the error of an improper comment.  
Arman
, 131 Ill. 2d at 127.  This error, however, was not cured by the trial court's ruling.  We also point out that the trial judge overruled other objections to improper comments made during closing argument.  In rebuttal, for example, the prosecutor said: "*** they tell you *** his guy just was there. Is there any evidence that you heard that his guy was just there?  Nobody told you that."  The defense objection to these comments was overruled.  Additionally, during the opening portion of closing argument the prosecutor said:  "Ladies and gentlemen, the evidence is clear, and the evidence is uncontradicted ***.  There's no one that got up there that said anything different.  There's no one that got up there and said the defendant was just standing there - - "

After this comment was made, defense counsel's motion for a mistrial was denied and the trial judge said, "Disregard the last statement."  We don't find the court cured the error of these remarks because the jury was told to disregard only "the last statement."

Having found that there were several comments directed at the defendant's failure to testify and that some comments improperly shifted the burden of proof, we must still determine whether they warrant the reversal of defendant's conviction.  Comments made by a prosecutor on the defendant's failure to testify, although of constitutional dimension, do not automatically entitle defendant to a new trial.  
Arman
, 131 Ill. 2d at 127. The defendant's conviction may be affirmed if the reviewing court concludes, after examining the entire record, that the error was harmless beyond a reasonable doubt.  
Arman
, 131 Ill. 2d at 127.  Similarly, comments by the prosecution which improperly shift the burden of proof, 
People v. Adams
, 281 Ill. App. 3d 339, 345-46, 666 N.E.2d 769 (1996); 
People v. Yonker
, 256 Ill. App. 3d 795, 628 N.E.2d 1124 (1993), will only result in a reversal on appeal where the improper remarks resulted in substantial prejudice to the defendant's right to a fair trial.  
Adams
, 281 Ill. App. 3d at 346.

In this case we cannot say that the errors were harmless beyond a reasonable doubt or that they did not result in substantial prejudice to the defendant.  We again point out that the evidence of guilt was not overwhelming, and the case essentially rested upon the credibility of one witness, DeShon Thompson.  See 
People v. Hayes
, 183 Ill. App. 3d 752, 757-58, 539 N.E.2d 355 (1989) (reversal based upon improper comments made by prosecutor mandated because the evidence was not overwhelming and rested entirely upon the victim's credibility). In this case there was no physical evidence recovered from the accused.  No statements or admissions were introduced at trial and there was some testimony from one of the detectives concerning allegedly contradictory statements made by DeShon Thompson.  Furthermore, the defendant was convicted based upon a theory of accountability where defendant's participation was holding the victim's arm while one of the other offenders took the victim's money.  Thus, we conclude that the repeated references to the fact that no one contradicted portions of the State's evidence substantially prejudiced the defendant's right to a fair trial.

In 
People v. Wollenberg
, 37 Ill. 2d 480, 229 N.E.2d 490 (1967), defendant's conviction was reversed based upon an isolated reference to the defendant's failure to testify.  In 
Wollenberg
, the prosecutor recited the names of each of the witnesses who testified at defendant's trial and then said, "No one else testified.  Let's get that straight."  In rejecting the State's argument that this was merely a comment on the strength and uncontradicted nature of the prosecution's case, the court pointed out that the evidence was by no means uncontradicted because several witnesses testified for the defense.
  The court then held that the remark "no one else testified" was designed to call attention to the defendant's failure to testify, was an indirect comment on the defendant's exercise of his right not to testify and as such warranted reversal.

The State attempts to distinguish 
Wollenberg
 on the grounds that the evidence was contradicted in that case because several defense witnesses testified whereas here the defense presented no witnesses and thus the evidence was uncontradicted.  We are unpersuaded by this argument.  We don't believe 
Wollenberg
 stands for the proposition that where the defense does not call witnesses, the State may then comment that no one else testified.  Moreover, the instant record does not disclose an isolated reference to the fact that no one else testified.  In this case there were several references to the effect that "no one testified ***."  The remarks pervaded not only the opening but also the rebuttal portion of the State's closing arguments.  Because numerous references indirectly referred to defendant's failure to testify and because the State improperly shifted the burden of proof, prejudicial error occurred and we reverse and remand for a new trial.  
Yonker
, 256 Ill. App. 3d at 800.

Although we are reversing and remanding for a new trial based on the remarks concerning defendant's failure to testify, and the comments which improperly shifted the burden of proof, we will address defendant's other claims of error because they might arise on retrial.  See 
People v. Terry
, 312 Ill. App. 3d 984, 994, 728 N.E.2d 669 (2000).

Comments that suggested the defense was 

hiding things from the jury

Defendant next challenges remarks that he claims suggested that the defense was hiding things from the jury.  The challenged remarks occurred during the State's rebuttal argument and were not objected to by defense counsel.  However, we will examine them under plain error.  See 
Moore
, 171 Ill. 2d at 99.  

Defense counsel's closing argument had focused on the development of defendant's "mere presence" defense, the victim's allegedly contradictory statements, and had also included a discussion of one officer's testimony from a codefendant's preliminary hearing, during which the victim's contradictory statements were highlighted.  During rebuttal, the following complained-of remarks were made by the State:

"[ASSISTANT STATE'S ATTORNEY]: Thank you, Judge, ladies and gentlemen, I'm not going to tell you anything about snowballs because I don't want you to buy a snow job.  Transcript that counsel just read from had nothing to do with his client.  

* * *  

You heard exactly what [defendant] did and the fact, that when this Preliminary Hearing took place, [defendant] wasn't even in custody.

Now, ladies and gentlemen, the trial should be a truth-seeking process.  We're here to help you find the truth.  We shouldn't be hiding things from you, we shouldn't be masking things from you.  We shouldn't be playing word games.

Now, the judge is going to tell you and you swore yesterday that you were going to decide this case by the law.  You took an oath, and you said we will follow the law, 

and we will determine this case by the evidence.  The only evidence in this case is what you heard from the witness stand.  What I say, what my partner says, what the defense  attorney say[s], they're not evidence.  The only evidence is what you heard from the witness stand.

* * *  

Now, ladies and gentlemen, I'm not going to play any games with you, but I want to focus on something that happened during this trial.  

* * *  

You heard us ask DeShon Thompson, the victim in this armed robbery, what everybody did.  We're not hiding anything from you.  What did everybody do here?  And he told you."

The prosecutor then reiterated the victim's testimony.

We find that these challenged remarks were invited by defense counsel's closing argument, which suggested that the victim had changed his story several times based on an officer's testimony at a preliminary hearing for a codefendant, and as such, these remarks were proper.  See 
Jackson
, 293 Ill. App. 3d at 1016-17. 

Comments that violated the motion in limine

Defendant also argues that the State's closing arguments violated the court's order on the pretrial motion 
in
 
limine
 regarding the getaway car as being stolen.  Specifically, defendant points to four sets of remarks made during rebuttal regarding the getaway car.  Two of the remarks were objected to at trial and preserved for review.  The two remarks that were not objected to will be reviewed under plain error.  
Moore
, 171 Ill. 2d at 99.

The following remarks were made during the State's rebuttal argument:

"[ASSISTANT STATE'S ATTORNEY]: Now, counsel said use your common sense, please use your common sense.  We know that the three of these individuals, all of them together were riding around in a car that didn't belong to them.

[DEFENSE COUNSEL]: Objection, your Honor, improper argument.

THE COURT: Ladies and gentlemen, any statement made by the lawyers not based on the evidence should be disregarded by you.  What the lawyers say during argument is not evidence.

[ASSISTANT STATE'S ATTORNEY]: You heard what Detective Leuser told you who the owner of the car was.

[DEFENSE COUNSEL]: Objection.

THE COURT: Objection overruled.

[ASSISTANT STATE'S ATTORNEY]: They were in a car that didn't belong to them - -

[DEFENSE COUNSEL]: Objection, your Honor, that's improper.

THE COURT: Any statement made by a lawyer that is not based on the evidence should be disregarded by you.  What the lawyers say during argument is not evidence.

[ASSISTANT STATE'S ATTORNEY]: You have three guys driving around in a car that doesn't belong to them, so it can't be traced back to them with a gun, and you hear testimony that they're there for at least a half hour because you hear DeShon tell you that he walked by them when he was walking his friend home, and they cruised by and kind of talked to him. 

* * *  

Now, only one of the defendants were [
sic
] apprehended there at the scene where the car was stopped, and that was Jacoby Adams. ***"

Reviewing the State's rebuttal argument, we find no improper comment regarding the stolen car, even though the State did mention that the car did not belong to defendant or codefendants because Detective Leuser testified at trial that the car did not belong to defendant or codefendants.  Thus, the prosecutor's comments were based on the evidence.  Moreover, upon defendant's objection, the trial court promptly instructed the jury that "[a]ny statement made by a lawyer that is not based on the evidence should be disregarded by you.  What the lawyers say during argument is not evidence."  Thus, we find that the trial court's instruction to the jury in this instance cured any improper prosecutorial comments.  
Jackson
, 293 Ill. App. 3d at 1016.  Accordingly, we conclude that these challenged remarks by the State during closing arguments did not deny defendant a fair trial. 

Hearsay Evidence of Flight
   

Defendant next contends that hearsay evidence of flight denied him a fair trial.  Officer Julian testified to information he received from another officer during a radio call regarding a vehicle matching the victim's description.  Specifically, he stated that as the vehicle was stopped by police, the three occupants of the car ran and one was caught.  Defendant argues that the court's later admission of error in allowing that testimony was not harmless error and denied him a fair trial.

Hearsay is an out-of-court statement that is offered to prove the truth of the matter asserted and depends for its value on the credibility of the out-of-court declarant.  
People v. Rodriguez
, 312 Ill. App. 3d 920, 928, 728 N.E.2d 695 (2000).  A police officer may recount the steps taken in the investigation of a crime and may describe the events leading up to the defendant's arrest "'where such testimony is necessary and important.'"  
People v. Warlick
, 302 Ill. App. 3d 595, 598-99, 707 N.E.2d 214 (1998), quoting 
People v. Simms
, 143 Ill. 2d 154, 174, 572 N.E.2d 947 (1991).  The police officer may not testify to information beyond what was necessary to explain the officer's actions.  
People v. Hunley
, 313 Ill. App. 3d 16, 33, 728 N.E.2d 1183 (2000).  The State may not use the limited investigatory procedure exception to place into evidence the substance of any out-of-court statement that the officer hears during his investigation, but may only elicit the substance of a conversation to establish the police investigative process.  
Hunley
, 313 Ill. App. 3d at 33-34.

Here, Officer Julian testified to the contents of a radio call concerning the stop of a vehicle matching the victim's description of the getaway car and that the three occupants fled.  The victim was then taken to that location and identified the vehicle and the individual that had been caught by police as one of the robbery participants.  We find that the content of the radio message was inadmissible and hearsay because it went beyond what was necessary to show steps in the police investigation.  Moreover, the trial court admitted that the admission of this evidence was error.  We conclude that the trial court erred in admitting this evidence.  

Accordingly, the judgment of the circuit court is reversed and the cause remanded for a new trial.  

Reversed and remanded.

GORDON and McNULTY, JJ., concur.