NOTICE
Decision filed 11/03/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 190374-U

NOS. 5-19-0374, 5-19-0375, 5-19-0376 cons.

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | Nos. 11-CF-332, 14-CF-94, & |
| | ) | 14-CF-288 |
| JARID D. MOORE, | ) | |
| | ) | Honorable Mark W. Stedelin, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Where the issues raised in defendant's postconviction petition were without merit and postconviction counsel was not unreasonable for failing to include additional nonmeritorious issues from defendant's *pro se* filings, and any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the judgment of the circuit court.

¶ 2    Defendant, Jarid D. Moore, appeals the circuit court's order denying his petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2018)). Defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit. Accordingly, OSAD has filed a motion to withdraw as counsel for the defendant (see *Pennsylvania v. Finley*, 481 U.S. 551 (1987)) along with a brief in support of the motion. OSAD has provided the defendant with a copy of its *Finley* motion and brief. This court has provided him with ample opportunity to file a written *pro se* brief, memorandum, etc.,

1

responding to OSAD's motion or explaining why this appeal has merit. The defendant has not filed any sort of response. Having read OSAD's *Finley* motion and brief, and having examined the record on appeal, this court concludes that the instant appeal does indeed lack merit. There is no potential ground for appeal. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                    BACKGROUND

¶ 4      This appeal concerns three separate but related cases. In case No. 11-CF-332, defendant pleaded guilty to violating an order of protection obtained by his then-girlfriend. In case No. 14-CF-94, defendant was placed on probation after pleading guilty to two counts of aggravated domestic battery against his wife, Stacey J.-M. In case No. 14-CF-288, defendant was charged with two counts of aggravated domestic battery (720 ILCS 5/12-3.3(a-5) (West 2014)) and one count each of unlawful restraint (*id.* § 10-3(a)) and domestic battery (*id.* § 12-3.2(a)(1)) against Stacey J.-M. The State alleged that the offenses occurred on September 7-8, 2014. After defendant was charged in No. 14-CF-288, the State petitioned to revoke his probation in the two earlier cases.

¶ 5      At trial in No. 14-CF-288, Stacey J.-M. testified that she had no recollection of the events leading to defendant's arrest and that she had lied in her previous statement to police. The State was then allowed to introduce that statement, in which she said that she was at home with defendant on September 7, 2014. He was angry with her because he believed that she had been with another man. He made her lie naked on the bed and choked her. They began fighting, during which time he bit her leg and punched her. He held a pillow over her face. Defendant would not allow her to leave. Eventually, she got up and, under the pretext of going to the bathroom, left the apartment. She ran to the neighbors to get help.

2

¶ 6    Anthony Scott Deain testified that Stacey J.-M. knocked on his door and asked to see his mother. She was wrapped only in a bath towel. She had bruises all over and, when asked about them, said that her boyfriend had held her against her will.

¶ 7    Dawn Deain testified that Stacey J.-M. said that her husband or boyfriend had beaten her. He would not let her have her clothes so that she could not leave. She had bruises on her face and neck. The State also introduced evidence of letters and phone calls between Stacey and defendant in which they agreed that she would testify that she did not remember the incident.

¶ 8    The jury found defendant guilty of all charges except one count of aggravated domestic battery. The court conducted a sentencing hearing which also functioned as a probation revocation hearing for the two older cases. At the conclusion, the court revoked defendant's probations and sentenced him to 10-year terms of imprisonment to run concurrently. On direct appeal, defendant argued only that he was entitled to additional sentencing credit.

¶ 9    Defendant filed a postconviction petition and an "amendment" that raised an additional issue. The trial court advanced the petition to the second stage and appointed counsel, who filed a second-amended petition. This amended pleading included two issues raised in defendant's *pro se* petition: (1) that during closing argument, the prosecutor shifted the burden of proof to defendant and (2) that trial counsel was ineffective for failing to impeach Stacey J.-M. The amended petition further alleged that two jurors failed to disclose their history of domestic violence allegations. The court heard arguments but no testimony during a third-stage hearing, after which the court denied the petition. Defendant filed notices of appeal in all three pending cases. On its own motion, this court consolidated the appeals.

3

¶ 10                                     ANALYSIS

¶ 11    OSAD contends that the only possible issues on appeal are whether the trial court properly denied defendant's postconviction petition and whether postconviction counsel provided reasonable assistance. OSAD concludes that neither issue has even arguable merit, and we agree.

¶ 12    First, the trial court properly denied the second-amended petition because none of the issues raised had substantive merit. The Act provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated at his trial or sentencing. *People v. Pitsonbarger*, 205 Ill. 2d 444, 455 (2002). A postconviction proceeding allows inquiry only into constitutional issues that were not, and could not have been, adjudicated on direct appeal. *People v. Pabello*, 2019 IL App (2d) 170867, ¶¶ 19-20.

¶ 13    We note that defendant's direct appeal requested only additional sentencing credit. The postconviction petition raised ordinary trial errors, which could have been raised on direct appeal and thus are presumptively forfeited. However, defendant's initial petition argued, at least generally, that appellate counsel was ineffective for failing to raise certain issues on direct appeal. Thus, we discuss the merits of these issues.

¶ 14    The first issue the petition raised is that the prosecutor improperly shifted the burden of proof to defendant. In closing, the prosecutor argued that photographs of the victim showed bruises "head to toe." In response, defense counsel argued that the photographs did not show bruises on her head or neck. Moreover, "Any or all of these marks could have an innocent explanation." In rebuttal, the State argued, "If the bruises and marks had an innocent explanation, why didn't we ever hear it?" The trial court sustained a defense objection to this remark and instructed the jury to ignore statements to which an objection was sustained.

¶ 15 Generally, the State in closing argument may not attempt to shift the burden of proof to the defendant. See *People v. Euell*, 2012 IL App (2d) 101130, ¶ 20 (comment in response to a defense argument that defendant might have been framed that there was " 'no evidence of that from the defense standpoint' " improperly shifted burden to defendant). Nonetheless, comments by the prosecution that improperly shift the burden of proof will only result in a reversal on appeal where the improper remarks resulted in substantial prejudice to the defendant's right to a fair trial. *People v. Edgecombe*, 317 Ill. App. 3d 615, 623 (2000). Moreover, a trial judge's prompt action in sustaining an objection will be sufficient to cure the error of an improper comment. *Id.*

¶ 16 Here, the State presented compelling evidence of defendant's guilt, including Stacey's original statement to the police, which was corroborated by two neighbors, and phone calls and correspondence between Stacey and defendant in which they discussed having her testify that she did not remember the incident and lied in the initial statement. Against this overwhelming evidence, the State's isolated comment did not deprive defendant of a fair trial. Moreover, the trial court promptly sustained the defense objection, thus curing any arguable prejudice.

¶ 17 The second issue raised in the amended petition is that trial counsel was ineffective for failing to attack the victim's credibility. To establish ineffective assistance, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *People v. Manning*, 241 Ill. 2d 319, 326 (2011) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Moreover, to establish deficient performance, a defendant must overcome the strong presumption that the challenged action or inaction was the result of sound trial strategy. *Id.* at 327. The decision whether to cross-examine or impeach a witness is

5

generally one of trial strategy and thus will not support an ineffective-assistance claim. *People v. Pecoraro*, 175 Ill. 2d 294, 326 (1997).

¶ 18     Here, the decision not to further attack Stacey's credibility appears to have been a reasonable strategic choice. On the witness stand, Stacey claimed not to remember the incident. She did not remember defendant attacking her and attempted to disavow her prior statement to the contrary. Thus, the defense wanted the jury to believe Stacey's trial testimony, and any vigorous attempt to impeach her might have led the jury to more readily reject her testimony and thus accept the earlier statement.

¶ 19     The third issue raised in the petition was that two jurors had been respondents in order-of-protection proceedings and thus had lied during *voir dire* when asked whether they were charged with a crime. Where a defendant alleges that a juror was not forthcoming during *voir dire*, the general rule is that a motion for a new trial will not be granted unless the defendant can establish that prejudice resulted. *People v. Porter*, 111 Ill. 2d 386, 403 (1986) (citing *Pekelder v. Edgewater Automotive Co.*, 68 Ill. 2d 136, 139 (1977)). Whether to grant such a motion is within the trial court's discretion. *Id.*

¶ 20     Here, two male jurors had been respondents in order-of-protection cases. The trial court found that their failure to disclose this was not literally false as there was no evidence that either had been charged with a crime. Moreover, defendant cannot establish prejudice. That two jurors had been charged with domestic violence themselves arguably made them more sympathetic to defendant's case.

¶ 21     The second potential issue identified by OSAD is whether postconviction counsel provided reasonable assistance. Because no constitutional right to appointed counsel exists in postconviction proceedings, postconviction petitioners are entitled only to the level of assistance

6

provided by the Act. *People v. Flores*, 153 Ill. 2d 264, 276 (1992). This means a "reasonable" level of assistance, which includes compliance with Illinois Supreme Court Rule 651(c). *People v. Johnson*, 338 Ill. App. 3d 1004, 1008 (2003). Under that rule, the record on appeal must "contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017). The filing of a Rule 651(c) certificate gives rise to a presumption that postconviction counsel provided reasonable assistance. *People v. Jones*, 2011 IL App (1st) 092529, ¶ 23. Here, counsel filed a certificate closely tracking the rule's language, thus creating a presumption that he provided reasonable assistance.

¶ 22    OSAD points out that even after counsel filed the amended postconviction petition, defendant continued to file *pro se* pleadings and correspondence with the court. In a letter to defendant, counsel explained that he could not ethically make arguments with no legal basis. However, he promised to attempt to preserve for appeal defendant's *pro se* arguments, including those raised in the *pro se* petition. However, it appears that he failed to do so, and the court never addressed any issues other than the three raised in the amended petition. OSAD contends, though, that while this might represent deficient performance, defendant cannot demonstrate prejudice because none of the issues was meritorious. See *People v. Greer*, 212 Ill. 2d 192, 205 (2004) (Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims).

¶ 23    One unpreserved allegation from the *pro se* petition was that Officer Joe Rizzo lied about an interview he conducted with Anthony Deain. In his report, Rizzo said that Deain stated that

7

Stacey had come over several times claiming that she was fighting with her boyfriend. Deain saw bruises on her during these occasions. At trial, however, Deain testified that he had never seen Stacey before September 8. For obvious reasons, defense counsel did not ask Deain about his prior statement to Rizzo, and Rizzo did not testify. Thus, the jury never heard about this statement from Deain, so its inclusion in the police report was not a factor in defendant's conviction.

¶ 24    A second such allegation was that the prosecutor had a conflict of interest by virtue of having represented the victim in prior, unrelated cases. A letter from postconviction counsel that defendant filed shows that counsel thoroughly investigated the issue and found no evidence that the prosecutor had represented the victim. In the absence of contrary evidence, this issue is without merit.

¶ 25    Defendant also alleged that counsel on direct appeal was ineffective for failing to raise various instances of trial counsel's alleged ineffectiveness. A criminal defendant is guaranteed the effective assistance of appellate counsel. *People v. Mack*, 167 Ill. 2d 525, 531 (1995). However, counsel on appeal need not raise every conceivable argument, and counsel's assessment of which arguments to raise " 'will not be questioned unless it can be said that his judgment in this regard was patently erroneous.' " *Id.* at 533 (quoting *People v. Collins*, 153 Ill. 2d 130, 140 (1992)).

¶ 26    To succeed on this issue, defendant would have to overcome three layers of presumptions. Defendant would have to show that (1) trial counsel was ineffective in his handling of the issues in the first instance, (2) appellate counsel was ineffective for failing to question on appeal trial counsel's effectiveness, and (3) postconviction counsel provided unreasonable assistance by not including the issue in the amended postconviction petition. At each level, a strong presumption exists that counsel's conduct was the product of sound trial strategy rather than incompetence. See *Strickland*, 466 U.S. at 689 (courts must indulge a strong presumption that counsel's conduct falls

8

within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy").

¶ 27    The allegations of defendant's petition, consisting as they do largely of conclusional statements, fall far short of overcoming the presumption that three separate attorneys were incompetent for failing to raise—or more vigorously pursue—these arguments. Most of defendant's allegations under the rubric of ineffective assistance merely take issue with various rulings of the trial court followed by conclusional allegations that the rulings were wrong. For example, defendant complains that the trial court admitted evidence of his prior conviction of domestic battery against the same victim. The State admitted the conviction pursuant to section 115-20 of the Code of Criminal Procedure of 1963, which provides as follows:

> "Evidence of a prior conviction of a defendant for domestic battery *** is admissible in a later criminal prosecution for any of these types of offenses when the victim is the same person who was the victim of the previous offense that resulted in conviction of the defendant." 725 ILCS 5/115-20(a) (West 2014).

¶ 28    The conviction at issue was for domestic battery against Stacey J.-M. Defendant acknowledges that counsel did oppose the admission of this conviction. Although defendant complains that the statutory "criteria" were not met, he does not identify what criteria were not met. The conviction was for one of the named offenses against the same victim. Defendant also complains that the conviction was "more prejudicial than probative" but again fails to explain how. The statute presupposes a conviction of a similar offense against the same victim, which is of course prejudicial to the defendant but also highly probative. Defendant fails to identify any particular circumstances about this particular case that make the prior conviction unusually

9

prejudicial or less probative. These vague allegations do not show how defense counsel could have successfully argued against admission of the conviction. They certainly do not establish that appellate counsel was ineffective for failing to raise the issue on direct appeal or that postconviction counsel's decision not to include the issue in the amended petition was unreasonable.

¶ 29 We briefly comment on one additional allegation of the *pro se* petition. Defendant claimed that counsel was ineffective for failing to argue that his rights were violated when he was tried by an all-white jury. A state denies a defendant equal protection when it puts him or her on trial before a jury from which members of his or her race have been purposefully excluded. *Batson v. Kentucky*, 476 U.S. 79, 85 (1986). However, this requirement does not guarantee a defendant a " 'petit jury composed in whole or in part of persons of his own race.' " *Id.* (quoting *Strauder v. West Virginia*, 100 U.S. 303, 305 (1879)). However, a defendant does have the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria. *Id.* at 85-86.

¶ 30 Defendant alleged that only one African-American was included in the venire. It appears that this prospective juror was stricken because he was friends with defendant's family, obviously a race-neutral reason. In the *pro se* petition, defendant complained that there was only one black person in the venire. However, in order to show that the jury panel was not drawn from a fair cross-section of the community, a defendant must show that the underrepresentation of a distinct group in the community is due to the systematic exclusion of the group in the jury-selection process. *People v. Omar*, 281 Ill. App. 3d 407, 414 (1996) (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)), which defendant has not done. Accordingly, it was not unreasonable for postconviction counsel to not pursue this issue.

¶ 31                                    CONCLUSION

¶ 32    Because no meritorious argument exists that the trial court erred by denying defendant's

postconviction petition or that postconviction counsel provided unreasonable assistance, we grant

OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 33    Motion granted; judgment affirmed.

11