NOTICE

Decision filed 10/25/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220780-U

NOS. 5-22-0780, 5-22-0781, 5-22-0782 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | Nos. 11-CF-332, 14-CF-288, |
| | ) | 14-CF-94 |
| JARID D. MOORE, | ) | |
| | ) | Honorable Martin W. Siemer, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where postconviction counsel filed a Rule 651(c) certificate, and the circuit court dismissed the defendant's amended postconviction petition at the second stage of proceedings, and where no error can be identified in the instant appeal, the defendant's court-appointed counsel on appeal is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Jarid D. Moore, is currently on mandatory supervised release (MSR), having served seven prison sentences, all concurrently, in three different Marion County felony cases. He appeals from an order of the circuit court that dismissed his amended postconviction petition at the second stage of postconviction proceedings. His appointed counsel on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks substantial merit, and on that basis, it has filed a motion for leave to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), along with a memorandum of law in support thereof.

1

Although properly served with notice, the defendant has not filed any type of response with this court. Having examined OSAD's *Finley* motion and memorandum, as well as all pertinent portions of the record on appeal, this court agrees with OSAD's assessment of this appeal. Therefore, OSAD's *Finley* motion to withdraw as counsel is granted, and the judgment of the circuit court of Marion County is affirmed.

¶ 3                                    BACKGROUND

¶ 4            The Original Circuit Court Proceedings and the Defendant's Direct Appeal

¶ 5      This appeal involves three cases from Marion County—No. 14-CF-288, No. 14-CF-94, and No. 11-CF-332. In No. 14-CF-288, the defendant faced charges of aggravated domestic battery, unlawful restraint, and domestic battery. A trial by jury was held in February 2015, with Judge Stedelin presiding. At that trial, after the jury was selected but before opening statements, defense counsel raised an issue with Judge Stedelin, outside the presence of the jury:

        "[DEFENSE COUNSEL]: Also, [the defendant] just informed me that his son-in-law, ex-son-in-law is your son-in-law now. I'm not sure—this is the first I've heard of it. Who is this person?

        [THE DEFENDANT]: Daniel Parrish, is he your son-in-law?

        THE COURT: Yes, he is my son-in-law. I was unaware of that relationship or any relationship.

        [DEFENSE COUNSEL]: As was I. And I think that under the law the situation now is unless the Court feels it affects your ability to preside over this case in a fair manner, we're beyond any time frames for filing substitution.

        THE COURT: I know Daniel is my son-in-law. Your relationship with Daniel, please.

2

[THE DEFENDANT]: Daniel was married to my daughter, that makes him my ex-son-in-law.

THE COURT: So, Brittany is your granddaughter?

[THE DEFENDANT]: Yes. I feel comfortable that there wouldn't be any conflict, especially you [*sic*] not knowing.

THE COURT: Any problem?

[PROSECUTING ATTORNEY]: I don't have a problem.

THE COURT: Any other problem?

[DEFENSE COUNSEL]: No, Judge.

THE COURT: At this point in time, I will not recuse myself on that basis and we'll begin—proceed with the trial."

Nothing more was said on this topic.

¶ 6       Ultimately, the jury in No. 14-CF-288 found the defendant guilty of aggravated domestic battery, unlawful restraint, and domestic battery. Simultaneous with the trial, Judge Stedelin held probation revocation hearings in No. 14-CF-94 and No. 11-CF-332, where the defendant had been convicted, respectively, of aggravated domestic battery and violation of an order of protection. The court found that the defendant had violated his probation in those two cases.

¶ 7       A combined sentencing hearing was held in all three cases. In No. 14-CF-288, the court sentenced the defendant to imprisonment for 10 years for aggravated domestic battery, 6 years for unlawful restraint, and 6 years for domestic battery. Also, the court imposed a sentence of imprisonment for seven years for aggravated domestic battery in No. 14-CF-94 and three years for violation of an order of protection in No. 11-CF-332. All of the prison sentences in all of the cases were to be served concurrently. The defendant appealed in all three cases.

3

¶ 8    In this court, the three appeals were consolidated.  The defendant's sole argument, presented in a motion for summary relief, concerned sentence credit.  Ultimately, in February 2017, this court amended the mittimus in No. 11-CF-332 to reflect 44 days of presentence incarceration credit.  *People v. Moore*, No. 5-15-0115 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).  (This appeal was the defendant's first appeal before this court.)

¶ 9    The Defendant's First Postconviction Petition, Its Denial, and the Appeal From the Denial

¶ 10    In May 2017, the defendant filed in the circuit court a *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *seq.* (West 2016)), covering all three of his Marion County cases.  In June 2017, Judge Stedelin entered an order finding that the petition was not frivolous or patently without merit.  The court advanced the petition to the second stage of postconviction proceedings, and it appointed postconviction counsel for the defendant.

¶ 11    Postconviction counsel filed on behalf of the defendant an amended petition for postconviction relief and a second amended petition.  In the second amended petition, the defendant claimed that (1) during closing argument at his trial, the prosecutor had made an improper burden-shifting argument, (2) his trial attorney had provided ineffective assistance by failing to adequately impeach the complainant's credibility, and (3) two prospective jurors, who ultimately served on the petit jury, had failed to disclose during *voir dire* that they had been respondents in order-of-protection cases.  The State filed an answer to the second amended postconviction petition, wherein the State denied all of the key allegations.  (The State did not file a motion to dismiss the petition.)

¶ 12    On May 16, 2019, the court held a third-stage hearing on the second amended petition for postconviction relief, with Judge Stedelin presiding.  No witnesses were called.  The parties

4

presented argument only, referring repeatedly to the trial transcript in regard to each of the three postconviction claims. At the end of the hearing, the court took the matter under advisement.

¶ 13 On August 2, 2019, Judge Stedelin took the matter off advisement and entered a written order denying the defendant's second amended postconviction petition. The order examined each of the petition's three postconviction claims and referred to those portions of the record that refuted those claims.

¶ 14 The defendant appealed from the denial order. OSAD was appointed appellate counsel. In a consolidated appeal, OSAD filed a *Finley* motion to withdraw as counsel, along with an accompanying memorandum of law addressing two potential issues on appeal. This court concluded that the appeal, indeed, lacked merit, granted OSAD's *Finley* motion, and affirmed the circuit court's order denying the defendant's second amended postconviction petition. *People v. Moore*, 2022 IL App (5th) 190374-U. (This appeal was the defendant's second appeal before this court.)

¶ 15 The Defendant's Section 2-1401 Petition for Relief From Judgment

¶ 16 In September 2019 (shortly after the defendant's second appeal to this court was perfected), the defendant filed a *pro se* "Relief of Post-Judgment Order," *i.e.*, a petition for relief from judgment, under section 2-1401(f) of the Code of Civil Procedure (735 ILCS 5/2-1401(f) (West 2018)), in all three cases. In his section 2-1401 petition, the defendant claimed that Judge Stedelin should have "removed himself from any and all proceedings" involving the defendant because the judge had a "close relationship" with the defendant's biological granddaughter. According to the defendant, he (the defendant) had a daughter who was married to a man named Daniel Parrish, and his daughter and Daniel had a daughter of their own, Brittany Parrish. Brittany, of course, was the defendant's granddaughter. Eventually, the defendant's daughter and Daniel divorced. Daniel

subsequently married a daughter of Judge Stedelin. Therefore, Daniel, who had been the defendant's son-in-law, became Judge Stedelin's son-in-law. Brittany, who was the defendant's granddaughter, became Judge Stedelin's step-granddaughter. During the time that the defendant's first postconviction petition was under advisement (*i.e.*, from May 16, 2019, to August 2, 2019), the defendant learned that Judge Stedelin and his relatives, including Brittany, had spent time together and vacationed together in Florida, North Carolina, and at the judge's cabin in Tennessee. Previously, the defendant was "unaware of the level of degree of involvement with my biological granddaughter [*sic*] life." Although the defendant, at the start of his trial in No. 14-CF-288 in February 2015, knew that his former son-in-law Daniel was married to Judge Stedelin's daughter, and that his granddaughter Brittany had become the judge's step-granddaughter, he thought at the time that the judge's relationship with Brittany was far more casual, far less close and warm, than he had subsequently learned it was. The defendant sought reversal of his convictions or an order for a new trial. Attached to the section 2-1401 petition were several photographs of Judge Stedelin and his family on vacation. At least a few of these photographs were taken in late May to June of 2019, during the time that Judge Stedelin had the defendant's postconviction petition under advisement. The defendant obtained the photographs from his relatives shortly thereafter.

¶ 17    In October 2019, the circuit court, Judge Koester presiding, entered a written order addressing the defendant's section 2-1401 petition for relief from judgment. The order noted that the case was on appeal—a reference to the appeal in *People v. Moore*, 2022 IL App (5th) 190374-U, which was the defendant's second appeal.

¶ 18    While the court acknowledged that this case was on appeal, the court never ruled on the defendant's section 2-1401 petition. The petition was never granted, dismissed, or denied.

¶ 19    The Defendant's Second Postconviction Petition: The Subject of the Instant Appeal

¶ 20    On September 22, 2021, the defendant placed into the prison mail system a *pro se* motion for leave to file a successive postconviction petition. The motion was file-stamped by the clerk of the circuit court on October 4, 2021. In the motion, the defendant stated that he sought to raise the claim that he had raised in his section 2-1401 petition, filed in September 2019, which was the claim concerning Judge Stedelin and his step-granddaughter.

¶ 21    In May 2022, the circuit court, Judge Siemer presiding, entered an order granting the defendant leave to file a successive postconviction petition. In the order, it was noted that Judge Stedelin had recused himself from hearing the defendant's motion for leave. Leave was granted despite the court's lingering doubts, explained in the order, that the defendant had shown cause or prejudice. The court appointed postconviction counsel for the defendant.

¶ 22    On August 4, 2022, postconviction counsel filed, on behalf of the defendant, an "amended, second petition for post-conviction relief." This petition reiterated the claim about Judge Stedelin and his "close relationship" with his son-in-law and his step-granddaughter. It specifically incorporated the defendant's section 2-1401 petition for relief from judgment, filed in September 2019. A copy of the section 2-1401 petition, and its attachments, were attached to the successive postconviction petition. The postconviction petition also asserted that Judge Stedelin's familial situation created an "unresolved conflict of interest" that "even perhaps subconsciously, could have pervaded the trial judge's thoughts and affected his rulings or sentencing decisions in this cause." The judge's failure to recuse himself from the proceedings against the defendant amounted to a violation of due process, and specifically the right to a fair and impartial trial judge. One week after filing the successive petition, postconviction counsel filed a certificate of compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017).

¶ 23   The State filed a motion to dismiss the "amended, second petition for post-conviction relief." According to the State: "Defendant presents nothing more than mere conjecture and speculation to support his claim of a conflict. Therefore, even taken as true, those allegations are insufficient to show any due process or other constitutional violation." The defendant filed a response to the State's motion to dismiss.

¶ 24   On November 7, 2022, the court, Judge Siemer presiding, held a hearing on the State's motion to dismiss. The two sides presented argument, with both sides reiterating the points they had made in writing. At the hearing's end, the court took the matter under advisement.

¶ 25   On November 15, 2022, Judge Siemer took the matter off advisement and entered a six-page order that granted the State's motion to dismiss. The court accepted the defendant's well-pleaded facts as true but concluded that "these facts do not demonstrate a constitutional violation."

¶ 26   The defendant perfected an appeal from the dismissal order. OSAD was appointed his appellate counsel.

¶ 27                                    ANALYSIS

¶ 28   This appeal is from the circuit court's order granting the State's motion to dismiss the defendant's amended, second postconviction petition. In other words, this appeal is from the second-stage dismissal of a postconviction petition. Where the circuit court dismisses a postconviction petition at the second stage of postconviction proceedings, the dismissal is reviewed *de novo*. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 29   As noted *supra*, the defendant's appointed appellate counsel, OSAD, has filed a *Finley* motion to withdraw as counsel, along with an accompanying memorandum of law, and the defendant, though provided with a copy of the *Finley* motion and memorandum, has not filed any

8

type of response with this court. This court agrees with OSAD that the instant appeal is wholly without merit.

¶ 30    The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) provides a method by which a criminal defendant who is serving his sentence may assert that his conviction resulted from a substantial violation of his federal or state constitutional rights. *Id.* § 122-1(a)(1); *People v. Smith*, 2015 IL 116572, ¶ 9. A defendant who is on MSR has the requisite standing to file a petition seeking postconviction relief. *People v. Henderson*, 2011 IL App (1st) 090923, ¶ 11. A proceeding under the Act is a collateral proceeding, not an appeal from the judgment of conviction. *People v. English*, 2013 IL 112890, ¶ 21. A defendant initiates a proceeding under the Act by filing a petition in the circuit court. 725 ILCS 5/122-1(b) (West 2020).

¶ 31    The Act contemplates the filing of only one postconviction petition. *Id.* § 122-3 (any constitutional claim "not raised in the original or an amended petition is waived"); *People v. Bailey*, 2017 IL 121450, ¶ 15. However, under section 122-1(f) of the Act, a defendant may seek leave of the circuit court to file a second or successive postconviction petition. 725 ILCS 5/122-1(f) (West 2020). Leave should be granted only if the defendant demonstrates cause for his failure to bring his constitutional claim in his first postconviction proceeding and prejudice resulted from that previous failure. *Id.* "[A] *prima facie* showing of cause and prejudice" is all that the defendant needs to show. *Bailey*, 2017 IL 121450, ¶ 24.

¶ 32    If the circuit court grants the defendant leave to file a second or successive postconviction petition, the petition is effectively advanced to the second stage of postconviction proceedings. *People v. Johnson*, 2019 IL App (1st) 153204, ¶ 32. At the second stage, the court may appoint postconviction counsel for the defendant. 725 ILCS 5/122-4 (West 2020). Counsel may amend the defendant's *pro se* petition. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. The State must then

9

answer or move to dismiss. 725 ILCS 5/122-5 (West 2020). If the State files a motion to dismiss the petition (as it did in the case at bar), the court must determine whether the petition and accompanying documentation made a "substantial showing" of a constitutional violation. *Johnson*, 2019 IL App (1st) 153204, ¶ 33. The court must take all well-pleaded facts as true, except for those that are positively rebutted by the trial record. *Pendleton*, 223 Ill. 2d at 473. If the petition and accompanying documentation do not make a substantial showing, the trial court dismisses the petition. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001). If a petition is advanced to a third stage, the trial court conducts an evidentiary hearing. *Pendleton*, 223 Ill. 2d at 473. As previously noted, a second-stage dismissal is reviewed by this court *de novo*. *Id.*

¶ 33    In its memorandum of law in support of its *Finley* motion, OSAD discusses two potential issues in this appeal, *viz.*: (1) whether the circuit court erred in dismissing the defendant's postconviction petition and (2) whether postconviction counsel complied with Rule 651(c). OSAD concludes that neither issue has arguable merit. This court examines each issue in turn.

¶ 34    The defendant's sole postconviction claim concerned the relationship between Judge Stedelin, on the one hand, and his son-in-law and step-granddaughter, on the other hand. According to the defendant, this "close relationship" created an "unresolved conflict of interest" that "even perhaps subconsciously, could have pervaded the trial judge's thoughts and affected his rulings or sentencing decisions in this cause." The claim was that the judge's failure to recuse himself from the proceedings against the defendant amounted to a violation of due process, and specifically the right to a fair and impartial trial judge.

¶ 35    As OSAD notes, a trial judge is presumed to be impartial, and it is only in the most extreme cases that disqualification of a judge for bias or prejudice would be constitutionally required. *People v. Jackson*, 205 Ill. 2d 247, 276 (2001). To show bias or prejudice toward a criminal

10

defendant, the record must show "active personal animosity, hostility, ill will or distrust toward the defendant." *People v. Johnson*, 199 Ill. App. 3d 798, 806 (1990). Furthermore, as OSAD further notes, conflicts arising from the judge's familial relationships normally do not mandate recusal under the due process clause. *Aetna Life Insurance Co. v. Lavoie*, 475 U.S. 813, 820 (1986).

¶ 36    In his petition, the defendant did not present any specific reason to think (or imagine) that the relationship between Judge Stedelin and his relatives would, in some way, prejudice the defendant. There was certainly no showing of personal animosity, hostility, etc. As OSAD adds: "Notably, the fact that both [the defendant] and Judge Stedelin were related to Brittany [(the defendant's granddaughter and Judge Stedelin's step-granddaughter)] might have weighed in [the defendant's] favor." This potential issue is meritless.

¶ 37    The second of OSAD's two potential issues is whether postconviction counsel complied with Rule 651(c). Postconviction counsel must provide the defendant with a reasonable level of assistance. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). To ensure this level of assistance, Rule 651(c) requires that postconviction counsel consult with defendant to ascertain his contentions of deprivation of constitutional rights, examine the record of the proceedings at trial, and make any amendments to defendant's petition that are necessary for an adequate presentation of his contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Substantial compliance with the rule is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18. When counsel files a certificate of compliance with the rule, it creates a rebuttable presumption that counsel provided reasonable assistance. *Id.* ¶ 19. The defendant has the burden of demonstrating that counsel failed to substantially comply with the rule. *Id.*

11

¶ 38 Here, postconviction counsel filed a certificate of compliance with Rule 651(c), one week after filing an amended postconviction petition. Counsel stated that he had consulted with the defendant in order to ascertain his contentions of deprivation of constitutional rights, that he had examined the trial court file and the report of proceedings at the trial, and that he had made amendments to the *pro se* petition as necessary for an adequate presentation of the defendant's contentions. Thus, counsel substantially complied with the rule, creating a rebuttable presumption of reasonable assistance. The defendant did not say or do anything to rebut the presumption. This potential issue, too, is meritless.

¶ 39                                    CONCLUSION

¶ 40 At the second stage of postconviction proceedings, the defendant utterly failed to make a substantial showing of a constitutional violation, despite the reasonable assistance of counsel. OSAD cannot think of a meritorious argument to the contrary and neither can this court. Accordingly, OSAD's *Finley* motion to withdraw as counsel is granted, and the judgment of the circuit court, granting the State's motion to dismiss the defendant's amended postconviction petition, is hereby affirmed.


¶ 41 Motion granted; judgment affirmed.